**UNITED STATES of America**

**v.**

**Milton GOLDMAN, Appellant, and Daniel Goldman.**

**No. 15126.**

United States Court of Appeals
Third Circuit.

Argued May 4, 1965.

Decided Oct. 4, 1965.

**264**

Norman Fischbein, Newark, N. J., for appellant.

Nathan Edgar Finkel, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on this brief), for appellee.

Before KALODNER, HASTIE and FREEDMAN, Circuit Judges.

HASTIE, Circuit Judge.

The defendant Milton Goldman[1] was charged in separate counts of a single indictment with violations of section 7262 and section 7203 of Title 26 of the United States Code.[2] Except for their citations of these two different sections as their statutory bases, the two counts differ only in that the word "wilfully" appears in the count under section 7203 but not in the count under section 7262. The essential common language of the two counts, with the additional provision peculiar to one count enclosed within parentheses and the provisions which appear only in the other count enclosed within brackets, is as follows:

> "That during the month of September, 1963 * * * MILTON GOLDMAN did engage in the business

[1.] Appeals were noticed by two defendants, Milton and Daniel Goldman, who were indicted, tried and convicted together. However, Daniel Goldman failed to perfect or further prosecute his appeal.

[2.] Section 7262 provides that "[a]ny person who does any act which makes him liable for special [gambler's occupational] tax * * * without having paid such tax shall, besides being liable to the payment of the tax, be fined not less than $1,000, and not more than $5,000."

Section 7203 provides, more generally, that "[a]ny person required under [the Internal Revenue Code] to pay any * * * tax * * * who willfully fails to pay such * * * tax * * * shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both * * *."

of accepting wagers and * * * was required to pay the special occupational tax imposed by section 4411 of the Internal Revenue Code of 1954 * * * and * * * did [wilfully] fail to pay * * * the special occupational tax * * *.

In violation of (Section 7262) [Section 7203], Title 26, U.S.C."

On arraignment Goldman pleaded not guilty on both counts. However, during the subsequent course of his trial, the court permitted him, over the prosecutor's objection, to change his plea on the section 7262 count to guilty. The accused then objected to any further trial on the section 7203 count, arguing that such a course would cause him twice to be put in jeopardy "for the same offense". This objection was overruled. The trial proceeded and a jury found the accused guilty on the section 7203 count. In due course, the court entered a single judgment, imposing a 90 day sentence on each count, the terms to run concurrently, and a $500 fine, without specifying upon which count the defendant was fined. The defendant appealed.

■■■ At the outset we point to an error in the sentencing. The penalty prescribed for violation of section 7262 is simply a fine "not less than $1,000 and not more than $5,000". Therefore, the 90 day jail sentence under that section is invalid. Moreover, the general fine of $500 cannot lawfully relate to that section because it provides for a minimum fine of $1,000. On the other hand, both items constituting the sentence of 90 days imprisonment and a $500 fine are valid under section 7203. And since this is the full extent of punishment which the trial judge deemed appropriate for the entire wrongdoing charged, and the government did not and does not complain of the sentence, we think it appropriate to treat as inconsequential surplusage that part of the sentence which purports to impose a penalty under section 7262. Cf. Hirabayashi v. United States, 1943, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; United States v. Trenton Potteries Co., 1927, 273 U.S. 392, 47 S.Ct. 377, 71 L.Ed. 700.

This disposition of the matter of sentencing also makes it unnecessary to decide another question which otherwise would be substantial. As the statutes have been applied to conduct of this defendant, the offenses charged in separate counts are different, but only in that a particular criminal intent is an essential of one but is neither specified nor required in the other. The same act of conducting a gambling business and omission to pay a consequent tax constitute the wrongful conduct in both charged offenses. Proof of this conduct without more could sustain a conviction under section 7262. The same conduct plus an attendant state of mind, "wilfulness",[3] constitutes the offense under section 7203. Thus, this is not a case of several separate punishable acts during a course of conduct or even of multiple harms caused by a single act. As concerns the public interest, the accused has offended only in one way, by engaging in certain taxable conduct without paying the required tax. And the single concern of the United States is to protect the revenue by making such conduct criminal, although the severity of the punishment prescribed or imposed may vary with the blameworthiness of the offender. In this view, though sections 7262 and 7203 describe different offenses, the accused in such a case as this has committed only one wrong. Cf. Ekberg v. United States, 1st Cir. 1948, 167 F.2d 380; Wilson v. United States, 9th Cir. 1944, 145 F.2d 734.

There may be a serious question whether double punishment for such a

---

3. This court has described wilfulness in this context as including awareness of the tax obligation in question and a failure to discharge it that was both intentional and reprehensible. United States v. Palermo, 3 Cir., 1958, 259 F.2d 872; United States v. Litman, 3d Cir. 1957, 246 F.2d 206; United States v. Martell, 3d Cir. 1952, 199 F.2d 670.

single wrong was intended by Congress or can lawfully be imposed. However, since the entire punishment was proper under section 7203 and the defendant will not be subjected to any additional penalty under section 7262, we do not express any opinion on the question that consecutive sentences would raise here.

■ It remains to consider the defendant's contention that, even though no double punishment resulted, the continuation of the trial on the section 7203 count to verdict and sentence after his guilty plea on the section 7262 count subjected him to unconstitutional double jeopardy. On this point we hold that, even if the wrongdoing charged without specific intent in one count should be viewed as a lesser included offense in relation to the same wrongdoing charged as wilful misconduct in another count, the acceptance of a guilty plea on the lesser offense did not prevent the continuation of the trial, which had been in progress on both counts, to verdict and sentence on the count charging the greater offense.

■ Protection against double jeopardy has two distinct aspects. It serves as a safeguard against unfair double punishment and it also protects the accused from the unfair harassment of successive trials. See Ex parte Lange, 1873, 85 U.S. (18 Wall.) 163, 169, 21 L.Ed. 872; Comment, Statutory Implementation of Double Jeopardy Clauses: New Life for a Moribund Constitutional Guarantee, 1956, 65 Yale L.J. 339. We have already pointed out that to sustain the present sentence is not to sanction double punishment. Moreover, there is no issue of successive trials here such as characterizes many controversies over double jeopardy. E. g., Green v. United States, 1957, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199; and see Note, Double Jeopardy: The Reprosecution Problem,

1964, 77 Harv.L.Rev. 1272. We are concerned merely with the continuation of a single trial until the completion of litigation on both counts of an indictment. If both counts had gone to the jury simultaneously and guilty verdicts had been returned on both, the one arguable contention would have been that the penalty should not exceed that permissible for the greater offense. United States v. Wallack, S.D.N.Y.1965 238 F.Supp. 14. We do not see that the situation differs significantly here merely because a change of plea in mid-trial established guilt on one count at an earlier stage of that trial than did the subsequent jury verdict on the other. The accepted plea of guilty on one count was not a judgment. United States v. Scarlata, 3d Cir. 1954, 214 F.2d 807. Rather, the disposition of both charges was completed later by a single judgment. It is true that two trials on different occasions upon essentially the same charge may involve unfair harassment, even though the first trial terminated without final judgment on the merits of the charge. See, e. g., Downum v. United States, 1963, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100. But, neither logic nor fairness requires that consecutive determinations in a single trial on two charges growing out of a single transaction be regarded as within the concept of harassment by repetitious litigation constituting double jeopardy. As concerns the harassment problem, Goldman's trial in its entirety was but a single occasion of jeopardy. Cf. People v. Tideman, 1962, 57 Cal.2d 574, 21 Cal.Rptr. 207, 370 P.2d 1007 (involving particular provisions of California statutes).

For these reasons, the conviction and sentence will be affirmed as imposed pursuant to Count 2 of the indictment and the concurrent sentence under Count 1 will be vacated.