GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

WILFREDO FIGUEROA SOLIS, Defendant

Criminal No. 79/52

District Court of the Virgin Islands

Div. of St. Croix

August 15, 1979

OFFICE OF THE UNITED STATES ATTORNEY, Christiansted, St. Croix, V.I., *for plaintiff*

JOSEPH L. COSTELLO, ESQ., Christiansted, St. Croix, V.I., *for defendant*

YOUNG, *District Judge*

## MEMORANDUM OPINION WITH ORDER ATTACHED

In this motion for judgment of acquittal or, in the alternative, for a new trial, the Court is confronted with two issues, viz.:

(1) Whether the Court abused its discretion in excluding evidence of the victim's 24-year-old conviction for involuntary manslaughter; and

(2) Whether the crime of assault with a deadly weapon and the lesser included offense of possession with intent to use a dangerous weapon merge and thereby result in

defendant being doubly jeopardized by his convictions of both crimes.

## I.

■ The victim of the assault in this matter was convicted in 1955 in Vieques with the crime of involuntary manslaughter. It is well established that in order for error to be found in a court's excluding evidence of a ten-year or older prior conviction of a witness, it must be determined that the Court abused the discretion given it under Rule 609. United States v. Mahone, 537 F.2d 922 (7th Cir. 1976); United States v. Bucur, 194 F.2d 297 (7th Cir. 1952); Gordon v. United States, 383 F.2d 936 (4th Cir. 1967). I do not believe that discretion has been abused in the case sub judice.

■ First of all, the prior crime in this instance was that of involuntary manslaughter. Significantly, such a crime does not involve any dishonesty or untruthfulness. Rule 609 primarily countenances the use of prior convictions when those prior convictions involve some element of deceit, untruthfulness or falsification which would tend to show that an accused or a witness would be likely to testify untruthfully. United States v. Seamster, 586 F.2d 188 (10th Cir. 1978) and United States v. Hayes, 553 F.2d 824 (2d Cir. 1977). The crime of involuntary manslaughter, especially a conviction that is 24 years old, has no bearing on the issue of truthfulness or untruthfulness.

■ From the short argument at side-bar during trial, it seemed clear to me that the real reason for the introduction of the witness' prior conviction was to show that said witness (the victim) acted in conformity with violent type of conduct that could be inferred from having been convicted of involuntary manslaughter 24 years earlier. That is not impeachment. Rather, that constitutes the use of a prior conviction to show that a witness acted in conformity

therewith. While I am aware that, under Rule 404(a)(2), evidence of a pertinent trait of character of a victim of the crime might be admissible under certain circumstances, such is not applicable here where, as defendant's counsel acknowledged, defendant did not know anything about the victim's prior conviction. Nor was there any evidence that the victim was known to be a violent person.

## II.

The second issue mentioned above is whether the defendant has been doubly jeopardized by having been convicted of two crimes, one of which is a lesser included crime of the other. In support of the double jeopardy argument, defendant cites the case of Government of the Virgin Islands v. Parrilla, 13 V.I. 660 (3d Cir. 1977). While it might be conceded that such case supports the proposition that possession of a deadly weapon with intent to use the same unlawfully against another in violation of 14 V.I.C. § 2251(a)(2) is a lesser included offense of Assault Third Degree, this does not mean the defendant has been exposed to double jeopardy by the jury's finding in this matter.

As was noted by the Court in United States v. Goldman, 352 F.2d 263 (3d Cir. 1965),

> Protection against double jeopardy has two distinct aspects. It serves as a safeguard against unfair double punishment and it also protects the accused from the unfair harassment of successive trials . . . . But, neither logic nor fairness requires that consecutive determinations in a single trial on two charges growing out of a single transaction be regarded as within the concept of harassment by repetitious litigation constituting double jeopardy. 352 F.2d at 226.

The defendant has not been subjected to successive trials for the same conduct. Rather, he has faced one trial. And for his sentencing on these two convictions, he can receive but one sentence, and that may well be for the greater of the two offenses, to wit, assault third degree. The con-

379

viction for the lesser included offense may then be vacated by the Court.

In conclusion, for all of the foregoing reasons, defendant's motion for judgment of acquittal or, in the alternative, for a new trial must be denied.

## ORDER

For the reasons expressed in the Memorandum Opinion of even date, it is hereby

ORDERED that defendant's motion for acquittal or, in the alternative, for a new trial is DENIED.