**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Roland SCHUSTER,**
**Defendant-Appellant.**

No. 84–3350.

United States Court of Appeals,
Sixth Circuit.

Argued March 5, 1985.
Decided July 30, 1985.

Philip Pitzer, argued, Cincinnati, Ohio, for defendant-appellant.

Ann Marie Tracey, argued, Asst. U.S. Atty., Cincinnati, Ohio, for plaintiff-appellee.

Before CONTIE and WELLFORD, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

Defendant Roland Schuster appeals his conviction for engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. Defendant argues that the conviction, imposed by the jury after he had pleaded guilty to charges of conspiracy to import and distribute marijuana in violation of 21 U.S.C. §§ 963 and 846, violated his fifth amendment right against double jeopardy. Defendant also challenges the district court's instructions permitting the jury to consider defendant's guilty pleas to the two conspiracy counts in determining whether he was guilty of engaging in a continuing criminal enterprise. For the reasons set forth in this opinion, we affirm the conviction.

**I**

Schuster was indicted on August 10, 1983 in connection with importing marijuana into this country. The indictment charged eight counts, the first three of which are central to this appeal. Count 1 charged conspiracy to possess with intent to distribute marijuana, 21 U.S.C. § 846; Count 2 charged conspiracy to import mari-

juana, 21 U.S.C. § 963; Count 3 charged continuing criminal enterprise, 21 U.S.C. § 848; Count 4 charged aiding and abetting the distribution of marijuana, 21 U.S.C. § 841 and 18 U.S.C. § 2; Count 5 charged a conspiracy to defraud the United States, 18 U.S.C. § 371; Counts 6, 7 and 8 charged filing of false statements on income tax returns, 26 U.S.C. § 7206(1).

A jury was empaneled and the case proceeded to trial. At the conclusion of the Government's case in chief, defendant moved to change his plea to guilty on Counts 1 and 2. The Government did not oppose the change of pleas. The district court accepted the pleas and continued the matter for a presentence report. Defendant moved to dismiss Count 3 charging continuing criminal enterprise under 21 U.S.C. § 848, arguing that double jeopardy precluded further prosecution after findings of guilt on lesser included conspiracy offenses. After taking the matter under advisement, the district court denied the motion. The court held that "this is not a case of successive prosecutions but one prosecution; and if the defendant is convicted of the alleged lesser included crimes with the alleged greater offense, there will be a merger of the lesser into the greater."

The court instructed the jury that it could consider defendant's guilty pleas to Count 1 and Count 2 as evidence of the first essential element of the continuing criminal enterprise offense—a violation of a federal narcotics law punishable as a felony. The court also instructed the jury that "it is your job to decide whether the Government has proved this element beyond a reasonable doubt."

The jury returned guilty verdicts on Counts 3–8. The court sentenced defendant to a term of imprisonment totalling 20 years: 15 years on Count 1, a 5 year consecutive sentence on Count 2, a 20 year concurrent sentence on Count 3, and smaller concurrent sentences on the remaining counts. The court imposed a fine totalling $140,000: $100,000 on Count 3, $15,000 on Count 4, $10,000 on Count 5, and $5,000 on each of Counts 6, 7 and 8. On advice of the Government, the court imposed no fines on Counts 1 and 2. Defendant's property was ordered forfeited to the Government pursuant to 21 U.S.C. § 848(b)(2). Defendant is not eligible for probation or parole on his prison sentence pursuant to 21 U.S.C. § 848(c). Defendant appeals from the district court's order denying his motion to dismiss Count 3, from his conviction on Count 3, and from the jury instructions given on that Count.

**II**

Defendant was convicted of playing a major role in a conspiracy to import marijuana between January 1976 and December 1979. His organization, referred to as "The Company," brought marijuana into this country from Colombia and distributed it in Ohio and Indiana. During the early stages of the conspiracy, The Company used boats to bring marijuana to the coast of the southeastern United States. A sailboat, the Abraxes, was purchased by defendant and used in 1976 and 1977. In July of 1977, several members of The Company were arrested in Charleston, South Carolina and the Abraxes was seized.

By this time, The Company had begun to acquire airplanes. Defendant recruited and hired new personnel and purchased several airplanes. Defendant approved the hiring of pilots and advised them of procedures and arrangements for flights. Co-conspirators testified that defendant made cash payments and arrangements for each trip and that defendant or David Carr was the head of The Company. There also was testimony that defendant was contacted in the case of an emergency during operations, such as when cocaine was discovered in bales of marijuana being unloaded.

Defendant had declared bankruptcy in 1972. As a result of his participation in the smuggling business, his investments in two businesses totalled almost $2 million. Although defendant worked as a hearing aid salesman in Cincinnati in the late 1970s, the Government maintains that he had no legitimate income after 1977. He used loans and assets and foreign corporations to

launder his proceeds and to conceal them from the Internal Revenue Service. He arranged with a friend to receive a salary so that he would appear to have legitimate income to report on his tax returns.

### III

Appellant contends that his guilty plea to charges of 21 U.S.C. § 963 (conspiracy to import marijuana) and 21 U.S.C. § 846 (conspiracy to possess with intent to distribute over 1,000 pounds of marijuana) precluded the Government from continuing its prosecution for engaging in a continuing criminal enterprise under 21 U.S.C. § 848. Appellant urges that his section 848 conviction is barred by the protections of the double jeopardy clause of the fifth amendment against multiple punishments for the same offense and prosecution for the same offense after a previous conviction.

■■■ The double jeopardy clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The test for determining whether two offenses are "the same" or are distinguishable and allow for cumulative punishment was established in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). "The applicable rule," the Court held, "is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." [1]

The double jeopardy protection against retrial following acquittal or conviction protects against continued anxiety and expense and the increased risk of erroneous conviction or impermissibly enhanced sentence. *Ohio v. Johnson,* — U.S. ——, 104 S.Ct. 2536, 2540–41, 81 L.Ed.2d 425 (1984). The protection against cumulative punishments for "the same" offense is "designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Id.,* 104 S.Ct. at 2541.

■■■ We turn first to appellant's contention that he was subjected to successive prosecutions. In order to establish guilt under the continuing criminal enterprise statute, 21 U.S.C. § 848, the Government must prove: 1) a felony violation of the federal narcotics laws; 2) as part of a continuing series of violations; 3) in concert with five or more persons; 4) for whom the defendant is an organizer or supervisor; 5) from whom he derives substantial income or resources. *United States v. Lurz,* 666 F.2d 69, 75 (4th Cir. 1981), *cert. denied,* 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874, 459 U.S. 843, 103 S.Ct. 95, 74 L.Ed.2d 87 (1982). It requires an agreement in a design or plan as well as concerted activity. *Jeffers v. United States,* 432 U.S. 137, 148–49, 97 S.Ct. 2207, 2214–15, 53 L.Ed.2d 168 (1977). The conspiracy to import and distribute marijuana charges in Counts 1 and 2 are based on the conspiracy statutes at 21 U.S.C. §§ 846 (controlling distribution) and 963 (controlling importation). These statutes punish attempts or conspiracies to violate the drug laws.

Appellant urges that continued prosecution for the section 848 violation after the district court accepted his guilty pleas to the conspiracy charges in Counts 1 and 2 violated the rule announced in *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The *Brown* Court held that a defendant cannot be prosecuted for a greater offense after conviction or acquittal of the lesser included offense. There a defendant was convicted on his guilty plea to the offense of joyriding and subsequent-

---

1. The Supreme Court has held that the *Blockburger* test is in essence a rule of statutory construction and that the ultimate question of whether two offenses are the same is one of legislative intent. *See Garrett v. United States,* — U.S. ——, 105 S.Ct. 2407, 85 L.Ed.2d 764, 771 (1985); *Ohio v. Johnson,* — U.S. ——, 104 S.Ct. 2536, 2541 n. 8, 81 L.Ed.2d 425 (1984).

ly was convicted of the greater offense of auto theft based on the same events. Under Ohio law, joyriding was the lesser included offense of auto theft. The Court, noting that joyriding is the same offense as auto theft under the *Blockburger* test because the lesser offense required no additional proof, held that the subsequent prosecution was precluded by double jeopardy principles. *Id.* at 168–69, 97 S.Ct. at 2226–27. The Court emphasized that the prohibition of successive prosecutions serves a policy of finality, protecting a defendant from attempts to relitigate facts or secure additional penalties. *Id.* at 165–66, 97 S.Ct. at 2225.

Recently, in *Garrett v. United States,* —— U.S. ——, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), the Supreme Court considered the question whether the Government could prosecute continuing criminal enterprise charges based in part on conduct for which the defendant had been convicted previously for importing marijuana. The Court held that the CCE conviction was not barred by double jeopardy, holding that "Congress intended the CCE provision to be a separate criminal offense which was punishable in addition to, and not as a substitute for, the predicate offenses." —— U.S. at ——, 105 S.Ct. at 2412, 85 L.Ed.2d at 772. Although the Court distinguished conspiracy charges from substantive predicate offenses for purposes of double jeopardy analysis, *id.,* —— U.S. at ——, 105 S.Ct. at 2419, 85 L.Ed.2d at 781, the Court emphasized the importance of CCE charges to "add a new enforcement tool to the substantive drug offenses already available to prosecutors," *id.,* —— U.S. at ——, 105 S.Ct. at 2415, 85 L.Ed.2d at 775.

Appellant maintains that the Government violated the double jeopardy rule of *Brown v. Ohio* by continuing to prosecute him after accepting his guilty pleas. He contends that the conspiracy offenses in Counts 1 and 2 were lesser included offenses of the continuing criminal enterprise offense and that he was subjected to successive prosecutions. The Government conceded at oral argument that conspiracy is a lesser included offense of continuing criminal enterprise. Other courts considering the issue have held that conspiracy is a lesser included offense of section 848. *United States v. Brantley,* 733 F.2d 1429, 1436–37 (11th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1985), held that section 846 conspiracies were lesser included offenses of section 848 and merged into the greater offense, although substantive offenses did not. *United States v. Mourad,* 729 F.2d 195, 202–03 (2d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 180, 83 L.Ed.2d 114 (1985), also held that Congress did not intend to authorize cumulative punishment for both conspiracy and continuing criminal enterprise, but allowed cumulative punishments for substantive counts and continuing criminal enterprise. The court vacated the sentence under section 846 and remanded the case to allow the district judge to resentence the defendant or enhance his sentence. *See also United States v. Jefferson,* 714 F.2d 689, 705 (7th Cir.1983); *United States v. Samuelson,* 697 F.2d 255, 259 (8th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1314, 79 L.Ed.2d 711 (1984); *United States v. Smith,* 690 F.2d 748, 750 (9th Cir.1982), *cert. denied,* 460 U.S. 1041, 103 S.Ct. 1435, 75 L.Ed.2d 793 (1983); *United States v. Lurz,* 666 F.2d 69, 75–76 (4th Cir.1981), *cert. denied,* 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874, 459 U.S. 843, 103 S.Ct. 95, 74 L.Ed.2d 1354 (1982); *United States v. Michel,* 588 F.2d 986, 1001 (5th Cir.), *cert. denied,* 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979).

The Supreme Court indicated in *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) that section 846 is a lesser included offense of section 848. *Id.* at 144 & n. 9, 97 S.Ct. 2207, 53 L.Ed.2d 168. The Court stressed, however, that it was not necessary to reach the issue. The defendant had opposed efforts to try both section 846 and 848 charges in one proceeding because he desired to be tried separately from co-defendants. Addressing the defendant's contention that the subsequent section 848 prosecution was precluded by *Brown v. Ohio,* the Court held that *Brown*

did not apply because the defendant had opposed the consolidation of charges. The Court noted that exceptions to the double jeopardy rule against subsequent prosecution of a greater offense arise where elements of the greater crime have not occurred or cannot be discovered. *Id.* at 151–52, 97 S.Ct. at 2216. The Court created another exception where the defendant requests separate trials or opposes consolidation and does not raise the issue of the lesser included offense. *Id.* at 152, 97 S.Ct. at 2216. The Court analogized such a situation to continuing jeopardy where a case is appealed or a mistrial is declared at the defendant's request. *Id.* There is no double jeopardy violation, the Court held, where the defendant "elects to have the two offenses tried separately and persuades the trial court to honor his election." *Id.* Where the defendant is responsible for the successive prosecutions he waives his right against successive trials. *Id.* at 154, 97 S.Ct. at 2218.

The Government argues that appellant was not subjected to successive prosecutions. It asserts that appellant's guilty plea to lesser charges did not invoke double jeopardy protection as would an acquittal or conviction by a jury. The Government maintains that jeopardy continued throughout the trial on the remaining counts and did not attach to the other offenses. In *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978), the Supreme Court addressed double jeopardy considerations where a defendant had sought successfully to have his trial terminated on the ground of preindictment delay. The Court held that double jeopardy does not relieve a defendant from the consequences of his voluntary choice. *Id.* at 99, 98 S.Ct. at 2198. Because the defendant avoided submission of the first count of the indictment by persuading the trial court to dismiss it on a basis that did not depend on guilt or innocence, the Court held, he was not deprived of his right against double jeopardy by reprosecution after the dismissal was overturned. *Id.*

This Court relied upon *Scott* in *Hawk v. Berkemer*, 610 F.2d 445 (6th Cir.1979).

There the defendant had plea bargained and pleaded guilty to lesser included offenses. The remaining counts were dismissed by the Government. The plea bargain was set aside on appeal and the Government reprosecuted the defendant for all the original charges. This Court noted that there had been no acquittal or resolution of factual elements that would prevent reprosecution. *Id.* at 446–47. Because the trial court was not "given a full opportunity to return a verdict," *id.* at 447 (quoting *Green v. United States*, 355 U.S. 184, 191, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957)), there was no double jeopardy violation. Nor had the prosecution waived reprosecution. The defendant had terminated trial proceedings that would have determined the issue of guilt. This is deemed a deliberate election by the defendant to forego his right to have an adjudication of guilt or innocence before the first trier of fact. *Id.* at 448 (quoting *Scott*, 437 U.S. at 93, 98 S.Ct. at 2194).

■■■■ Appellant in the present case sought to terminate proceedings by pleading guilty to lesser charges before all charges were submitted to the jury for determination. The Government clearly was not precluded from prosecuting both greater and lesser included offenses at one trial. *See Ohio v. Johnson*, —— U.S. ——, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984). Appellant urges, however, that his guilty plea to the lesser offenses rendered the trial on the remaining Count 3 an impermissible successive prosecution. This argument must be rejected. Like the defendant in *Jeffers* and *Hawk*, it was appellant's action that caused the asserted "successive" proceeding.

Appellant's argument should be rejected under *United States v. Goldman*, 352 F.2d 263 (3d Cir.1965) and by *Ohio v. Johnson*, —— U.S. ——, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). In *Goldman* the court held that a defendant could be tried for an offense even though he had pleaded guilty to a lesser included offense during the trial. The court held that "the acceptance of a

guilty plea on the lesser offense did not prevent the continuation of the trial, which had been in progress on both counts, to verdict and sentence on the count charging the greater offense." 352 F.2d at 266. The court held that there was "no issue of successive trials" but merely a "single occasion of jeopardy." *Id.* The court concluded: "The accepted plea of guilty on one count was not a judgment ... Rather, the disposition of both charges was completed later by a single judgment." *Id.* The court stressed that consecutive determinations in a single trial do not come within the double jeopardy clause protection against repetitious litigation. *Id.*

*Ohio v. Johnson,* —— U.S. ——, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) held that the double jeopardy clause does not prohibit the Government from prosecuting an individual for multiple offenses although the defendant pleads guilty to lesser charges prior to trial. The defendant pleaded guilty to involuntary manslaughter and grand theft, which were lesser included offenses of the aggravated robbery and murder charges the defendant also faced. The trial court accepted the pleas over objection by the Government. The trial court then dismissed the remaining charges. The Supreme Court held:

> Presumably the trial court, in the event of a guilty verdict on the more serious offenses, will have to confront the question of cumulative punishments as a matter of state law, but because of that court's ruling preventing even the trial of the more serious offenses that stage of the prosecution was never reached. While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution. 104 S.Ct. at 2541.

The Court stressed that the taking of a guilty plea differs from an adjudication on the merits after a full trial. *Id.* at 2541 n. 9. The Court declined to hold "that a determination of guilt on one count of a multi-count indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded." *Id.* at 2542. The *Johnson* Court distinguished *Brown v. Ohio,* holding that the *Johnson* case did not implicate double jeopardy protections against successive prosecutions, but concerned only continuing prosecution on the remaining charges brought in the indictment. "The acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending," the Court held, did not amount to an "implied acquittal" arising where a jury, considering both greater and lesser offenses, convicts the defendant only of the lesser included offenses. *Id.* The Court emphasized that dismissal of the greater charges would "deny the state its right to one full and fair opportunity to convict those who have violated its laws." *Id.*

Appellant argues that *Johnson* is not dispositive here because in *Johnson* the guilty pleas were entered prior to trial and the attachment of jeopardy and over the objection of the prosecution. We find no basis for distinguishing *Johnson* on that theory. The discussion in *Johnson* does not emphasize the prosecution's opposition to the plea, but the lack of a final adjudication on the merits. Acceptance of the guilty pleas in the present case did not operate as a final adjudication that would bar continued prosecution on the remaining counts. Appellant was not sentenced until the jury returned guilty verdicts on the remaining counts. We reemphasize that this is not a case of successive prosecutions. Acceptance of the guilty pleas did not constitute an acquittal of the greater charge or termination of the trial process. *United States v. Combs,* 634 F.2d 1295, 1298 (10th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 304 (1981).

## IV

We turn now to appellant's contention that his conviction of Count 3 as well as Counts 1 and 2 constituted multiple punishments for the same offense. Courts have

held that because conspiracy offenses are lesser included offenses of continuing criminal enterprise, cumulative punishments for conspiracy and section 848 are impermissible.

■ The "critical inquiry" in addressing the cumulative punishment issue is "whether Congress intended to punish each statutory violation separately." *Jeffers v. United States*, 432 U.S. 137, 155, 97 S.Ct. 2207, 2218, 53 L.Ed.2d 168 (1977) (citations omitted). The *Jeffers* Court, considering the cumulative punishment issue where a defendant was convicted of violating both sections 846 and 848, held that Congress did not intend to allow cumulative punishment for violations of those statutes. *Id.* The Court held that the district court had no power to impose a fine greater than the maximum allowable under section 848. *Id.* at 157, 97 S.Ct. at 2219. The Court stressed that section 848 "reflects a comprehensive penalty structure that leaves little opportunity for pyramiding of penalties from other sections of the Comprehensive Drug Abuse Prevention and Control Act of 1970." *Id.* at 156, 97 S.Ct. at 2219. It noted that section 848 imposes a mandatory minimum sentence, forbids the granting of probation and eligibility for parole, and authorizes forfeiture of all profits obtained in the enterprise. *Id.* Emphasizing that section 848 already punishes concerted activity, the Court held that Congress did not intend to impose cumulative punishment for conspiracy agreement. *Id.* at 157, 97 S.Ct. at 2219. Accordingly, the Court vacated the portion of the sentence imposing a fine in excess of the maximum $100,000. *Id.* at 158, 97 S.Ct. at 2220. The Court did not examine the issue of cumulative punishment in the prison sentences, however, because the conspiracy sentence was to run concurrently with the section 848 life sentence, which did not afford the possibility of parole. *See id.* at 155 n. 24, 97 S.Ct. at 2218 n. 24. In vacating the cumulative fines and remanding the case, the plurality apparently intended to let the concurrent prison sentence for conspiracy stand insofar as it did not exceed the sentence imposed under section 848.

In *Garrett v. United States*, —— U.S. ——, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), the Court, as discussed above, examined whether a substantive predicate offense, in that case importation of marijuana, was "the same" offense as CCE and subject to separate punishment. The Court held it was a separate offense from the underlying substantive offense and that no double jeopardy problem was created by a subsequent CCE conviction based in part on the prior conviction of the predicate offense of importation. Stressing congressional intent to create CCE as a separate offense and "a new enforcement tool," the Court held CCE is "punishable in addition to, and not as a substitute for, the predicate offenses." —— U.S. at ——–——, 105 S.Ct. at 2412–15, 85 L.Ed.2d at 772–75. In addressing the cumulative punishments issue, the Court stressed that it did not address conspiracy charges and that *Jeffers* remains the law in that area:

> The focus of the analysis in *Jeffers* was the permissibility of cumulative punishments for conspiracy under § 846 and for CCE under § 848, and the plurality reasonably concluded that the dangers posed by a conspiracy and a CCE were similar and thus there would be little purpose in cumulating the penalties. The same is not true of the substantive offenses created by the [Comprehensive Drug Abuse Prevention and Control Act of 1970] and conspiracy, and by the same logic, it is not true of the substantive offenses and CCE. *Id.*, —— U.S. at ——, 105 S.Ct. at 2420, 85 L.Ed.2d at 781.

■ Because the CCE and conspiracy charges are not subject to double punishment, the 15 year sentence on Count 1 and the 5 year sentence on Count 2 must be vacated. In *Ball v. United States*, —— U.S. ——, 105 S.Ct. 1668, 1673, 84 L.Ed.2d 740 (1985), the Court held that once it is determined that Congress did not intend to punish two offences cumulatively:

> the only remedy consistent with the congressional intent is for the district court, where the sentencing responsibility re-

sides, to exercise its discretion to vacate ... the underlying convictions. The remedy of ordering one of the sentences to be served concurrently with the other cannot be squared with Congress' intention.

*See also United States v. Brantley,* 733 F.2d 1429, 1436 & n. 15 (11th Cir.1984) (vacating lesser included conspiracy offense to run concurrently with CCE sentence); *United States v. Jefferson,* 714 F.2d 689, 703 & n. 28 (7th Cir.1983) (holding concurrent sentences for §§ 846 and 848 could not stand).

Accordingly, we remand the case with instructions to the district court to vacate the convictions for conspiracy and merge them into the continuing criminal enterprise offense. This will have limited effect on the sentence imposed under section 848, for there was no consecutive time or fine imposed under the conspiracy charges. The substantive charges in Count 4 should not be vacated. *See Garrett,* — U.S. at —, 105 S.Ct. at 2419, 85 L.Ed.2d at 781.

V

Appellant also challenges the district court's jury instructions. The court allowed the jury to consider appellant's guilty pleas to Counts 1 and 2 as evidence that a felony drug violation had occurred. The court emphasized, however, that the jury also must decide whether the Government proved this element beyond a reasonable doubt. Appellant objected to the jury instructions during a conference on proposed jury instructions. He argues that conspiracy offenses may not serve as the predicate offense for a section 848 offense.

The jury's verdict that appellant was guilty of the substantive charge in Count 4, which was part of a continuing series of violations, satisfies the requirement of the first element of the continuing criminal enterprise offense—a felony violation of federal narcotics law. The numerous transactions listed as overt acts, for which there was much evidence, also support the jury's finding on this element of the section 848 offense.

[redacted] A conspiracy under 21 U.S.C. § 846 or § 963 can be a predicate offense under section 848. *See United States v. Brantley,* 733 F.2d 1429, 1436 (11th Cir. 1984); *United States v. Middleton,* 673 F.2d 31, 33 (1st Cir.1982); *United States v. Stricklin,* 591 F.2d 1112, 1124 (5th Cir.), *cert. denied,* 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979). The district court correctly instructed the jury that it could consider appellant's admission of guilt to Counts 1 and 2 as evidence that a felony drug violation had occurred. The court appropriately charged the jury that it must find such a violation was proved beyond a reasonable doubt. The court did not invade the province of the jury by requiring it to find guilt of the first element of the section 848 offense. Nor is there any impermissible use of the conspiracy offenses in a successive prosecution; all offenses were tried in one setting.

The case is remanded to the district court with instructions to dismiss the convictions of Counts 1 and 2 and merge them into the conviction for Count 3. In all other respects the conviction is AFFIRMED.