791 F.2d 935
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THE UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
DELBERT DALE JONES, Defendant-Appellant.
 85-3817
 United States Court of Appeals, Sixth Circuit.
 4/15/86
 
 AFFIRMED IN PART,
 DISMISSED IN PART
 S.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 Before: CONTIE, RYAN, and BROWN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Delbert Dale Jones appeals from the district court's order denying his motion to dismiss an indictment charging him with various drug offenses, based on double jeopardy grounds and the denial of his right to a speedy trial.
 
 
 2
 On June 15, 1983, appellant was arrested for cocaine distribution in St. Clairsville, Ohio. He was indicted with codefendants Richard Bollman, Michael Froetschel, and William Ferguson on September 15, 1983. In that two-count indictment, appellant was charged with the distribution of cocaine on June 15, 1983, in violation of 21 U.S.C. Sec. 841(a)(1), and with travel in interstate commerce to further the cocaine distribution, in violation of 18 U.S.C. Sec. 1952.
 
 
 3
 On October 24, 1983, codefendant Richard Bollman agreed to testify against the appellant. On November 30, 1983, Bollman provided substantial information concerning other transactions he had with Jones involving controlled substances.
 
 
 4
 On December 12, 1983, Jones pled guilty to both counts of the September 15, 1983 indictment. He was sentenced to a three-year prison term on the first count, and a concurrent two-year term on the second count.
 
 
 5
 In a second indictment, returned on July 11, 1985, Jones, along with codefendants David and John Rihaly, was charged with conspiracy to distribute marijuana, methaqualone, and cocaine from 1978 to November 1983, in violation of 21 U.S.C. Sec. 846; cocaine distribution in September or October 1980, and on May 25, 1983, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2; methaqualone distribution in October 1980, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2; and use of a communication facility on June 29, 1982 and December 27, 1982, to facilitate the conspiracy, in violation of 21 U.S.C. Sec. 843(b). This indictment was based on information supplied by Richard Bollman, and by corroborating witnesses produced by subsequent investigation.
 
 
 6
 On September 20, 1985, Jones filed a motion to dismiss the indictment on the grounds of double jeopardy, collateral estoppel, res judicata, due process, speedy trial, prohibition of cruel and unusual punishment, and preindictment delay. An evidentiary hearing was held in district court on September 23, 1985. The motion to dismiss was denied on all grounds.
 
 I.
 
 7
 In addressing a similar double jeopardy question, we recently stated:
 
 
 8
 The double jeopardy clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The test for determining whether two offenses are 'the same' or are distinguishable and allow for cumulative punishment was established in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932). 'The applicable rule,' the Court held, 'is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
 
 
 9
 United States v. Shuster, 769 F.2d 337, 340 (6th Cir. 1985). The ultimate question of whether two offenses are the same is one of legislative intent. Id.
 
 
 10
 Here, it is uncontroverted that each of the six counts charged in the July 11, 1985 indictment requires an element to be proven that the 1983 offenses do not require. Jones claims that the doctrine of collateral estoppel, as encompassed in the double jeopardy clause by Ashe v. Swenson, 397 U.S. 436, 442 (1976), requires the government to bring all known related charges at one time. However, in Illinois v. Vitale, 447 U.S. 410 (1980), the Supreme Court construed Brown v. Ohio, 432 U.S. 161 (1977), as holding that the rule for determining whether successive prosecutions are barred by the double jeopardy clause is the Blockburger test. The offenses Jones is charged with in the later indictment did not arise from the same transaction as his initial conviction. Because the charges are based on conduct occurring at different times, it is evident that the prosecution must prove different elements in order to prove these crimes. Therefore, the district court was correct in holding that the protection against double jeopardy was not violated in this case.
 
 II.
 
 11
 Jones also appeals from the district court's denial of his motion to dismiss on speedy trial grounds. While a party may seek pretrial appellate review of a double jeopardy claim, Abney v. United States, 431 U.S. 651 (1977), as a general rule the Court of Appeals has jurisdiction to consider appeals only from final decisions of the district courts. 28 U.S.C. Sec. 1291. Ordinarily, there is no appealable final judgment in a criminal case until sentence has been imposed. Abney. In United States v. MacDonald, 435 U.S. 850 (1978), the Supreme Court held that a speedy trial claim did not fall within the collateral order exception that would allow an interlocutory appeal. Despite our disposition of appellant's double jeopardy claim, his sixth amendment claim does not acquire 'pendent' jurisdiction. '[A] federal court of appeals is without pendent jurisdiction over otherwise nonappealable claims even though they are joined with a double jeopardy claim over which the appellate court does have interlocutory appellate jurisdiction.' MacDonald, 435 U.S. at 857, n 6.
 
 
 12
 A similar rule applies to Jones' claim based on excessive preindictment delay pursuant to the Due Process Clause of the Fifth Amendment. A key component of such a claim is a demonstration of prejudice resulting from the delay. United States v. Greene, 737 F.2d 572, 574 (6th Cir. 1984). In light of this prejudice inquiry, denial of defendant's motion is not final before trial and could not be meaningfully reviewed absent development of the evidence at trial. Accordingly, Jones' due process claim based on excessive preindictment delay, like his speedy trial claim, is not appealable prior to trial.
 
 
 13
 For the reasons stated above, the judgment of the district court is affirmed with respect to appellant's double jeopardy claim, and the appeal is dismissed with respect to appellant's speedy trial and due process claims.