**UNITED STATES of America,**
**Appellant,**

v.

**Clifton Ray MIDDLETON, Defendant,**
**Appellee.**

**No. 81–1712.**

United States Court of Appeals,
First Circuit.

Argued Jan. 8, 1982.

Decided March 19, 1982.

Rehearing Denied Aug. 10, 1982.

Jay P. McCloskey, Asst. U. S. Atty., Bangor, Me., with whom Richard S. Cohen, U. S. Atty., Portland, Me., was on the brief for appellant.

Arthur W. Tifford, Miami, Fla., for defendant, appellee.

Before COFFIN, Chief Judge, TIMBERS, Circuit Judge,* and BREYER, Circuit Judge.

TIMBERS, Circuit Judge.

On this appeal from a judgment entered in the District of Maine, Edward T. Gignoux, *Chief Judge*, the question presented is whether the district court correctly dismissed a substantive count of an indictment on the ground that prosecution of that count was barred under the double jeopardy clause of the Fifth Amendment because of the government's prosecution of defendant on similar charges in the Southern District of Florida without clearly limiting in that prosecution its use of evidence seized in Maine to proving the conspiracy count in the Florida case. We hold that Judge Gignoux correctly dismissed the substantive count of the Maine indictment on the ground of double jeopardy. We affirm.

---

* Of the Second Circuit, by designation.

I.

On November 9, 1979, appellee Middleton and eighteen others were indicted in the Southern District of Florida on six counts charging a marijuana smuggling operation. Count VI of the indictment, the one pertinent to this appeal, charged Middleton and two others with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (1976).

On October 20, 1980, Middleton was arrested in Maine three-tenths of a mile from a dock where twenty-five tons of marijuana had been seized. He subsequently was indicted in the District of Maine and was charged with conspiracy to possess marijuana with intent to distribute it in violation of 21 U.S.C. §§ 841(b)(6) and 846 (1976) (Count I), and possession of marijuana with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and (b)(6) (1976) and 18 U.S.C. § 2 (1976) (Count II). Twenty-three others also were indicted.[1]

On November 24, 1980, the Southern District of Florida grand jury returned a superseding indictment which extended the period of the continuing criminal enterprise charged in Count VI. A jury trial began on April 28, 1981. The government introduced evidence of the seizure of the marijuana in Maine to prove Count VI. On June 10, 1981, at the close of the government's case, the trial judge, on motion of Middleton, dismissed Count VI as against him. This was the equivalent of an acquittal.

On August 11, 1981, in the District of Maine, Judge Gignoux, with the acquiescence of the government, dismissed Count I of the Maine indictment which charged Middleton with conspiracy to possess marijuana with intent to distribute it. The government conceded that jeopardy had attached with respect to Count I because of the acquittal on Count VI of the Florida indictment. Thereafter, on September 11, 1981, Judge Gignoux dismissed Count II of the Maine indictment on the ground that jeopardy had attached with respect to this

---

1. See our opinion filed today in the related case of *United States v. Booth*, et al., 673 F.2d 27 (1st Cir. 1982).

Count because the government had not clearly limited the use of the Maine evidence introduced at the Florida trial to proving the conspiracy to possess with intent to distribute.

From the judgment dismissing Count II of the Maine indictment, the government has taken the instant appeal.

### II.

■ Under the continuing criminal enterprise provision of the Controlled Substances Act, 21 U.S.C. § 848 (1976), the government must establish that a defendant committed one of the felony offenses defined in the Act. § 848(b)(1). An offense actually relied upon to establish a continuing criminal enterprise under § 848 thus is a lesser-included offense under that section. *United States v. Chagra*, 653 F.2d 26, 31–33 (1st Cir. 1981), *cert. denied,* —— U.S. —— (1982). A defendant convicted or acquitted of a crime which includes several essential elements, as § 848 does, may not be tried subsequently for a lesser-included offense. *Illinois v. Vitale*, 447 U.S. 410, 421 (1980).

■ Either possession of marijuana with intent to distribute it, 21 U.S.C. § 841(a)(1) (1976), or conspiracy to possess with intent to distribute it, *id.* § 846, may serve as the predicate offense. If the government had specifically limited the introduction of the evidence of the Maine seizure of marijuana to proving conspiracy in the Florida case, there would have been no double jeopardy problem in the subsequent Maine prosecution for possession. Judge Gignoux held that the government failed to make clear *which* predicate offense it sought to prove in the Florida case—the substantive offense of possession or the conspiracy to possess. He therefore held that jeopardy had attached with respect to Count II of the Maine indictment which charged Middleton with a violation of § 841(a)(1).

The government argues that § 841(a)(1) is not a lesser-included offense under § 848 in the instant case because there is no evidence that at the Florida trial the government sought to establish possession with intent to distribute. The government further argues that, since various sections of the Act may serve as predicates for a conviction under § 848,[2] jeopardy does not attach with respect to a later prosecution under § 841(a)(1) absent a conclusive showing that the offense under that section served as the predicate for the § 848 prosecution. We disagree.

■ Judge Gignoux's finding that the government failed to limit its evidence of the Maine marijuana seizure to proving the conspiracy in the Florida prosecution is supported by the record and is not clearly erroneous. We hold that Judge Gignoux correctly ruled that double jeopardy attached because of the government's failure to limit clearly the presentation of the evidence in question to proving the conspiracy.

### III.

In *United States v. Chagra, supra,* we held that double jeopardy would not attach with respect to offenses which might have been, but were not, relied upon to prove a § 848 charge. 653 F.2d at 33–34. For example, there would be no jeopardy problem if a defendant were charged with possession of a controlled substance subsequent to an acquittal under § 848, as long as evidence of possession had not been introduced at the earlier trial.

[4] The government invites us to interpret our holding in *Chagra* to mean that, as long as the government never specified the predicate offense for which it introduced evidence in the § 848 prosecution, no double jeopardy problem would ever arise in a subsequent trial. Thus, according to the government, if it did not limit its evidence either to proof of possession or to conspiracy to possess, neither subsequent prosecu-

---

**2.** Other sections of the Act which may provide the predicate for establishing the continuing series of violations required by § 848 are 21 U.S.C. § 952 (importation of controlled sub- stances), § 953 (exportation of controlled substances), and § 963 (attempt and conspiracy) (1976).

tion would be barred because neither offense *necessarily* would have served as the predicate.

We decline the government's invitation. Such an interpretation of our holding in *Chagra* would undermine the integrity of a final judgment which is primarily what the double jeopardy clause was intended to protect. Such an interpretation also would detract from the "particular significance" the law attaches to an acquittal. *United States v. Scott,* 437 U.S. 82, 91–92 (1978). If the government could charge Middleton with the substantive offense of possession with intent to distribute even though the district court in Florida may have considered that offense in dismissing the § 848 charge, the integrity and meaning of the judgment of acquittal would be seriously undermined.

Since the government failed to limit its use of the Maine evidence to prove the conspiracy offense, there simply is no way to be certain that the district court in Florida did not consider it as applying to the possession offense as well.[3] The government should not be allowed to render uncertain the value of a final judgment in this way and to take advantage of doing so. "To permit a second trial after an acquittal ... would present an unacceptably high risk that the Government, with its vastly superior resources, might wear down the defendant so that 'even though innocent he may be found guilty.'" *Scott, supra,* 437 U.S. at 91, quoting *Green v. United States,* 355 U.S. 184, 188 (1957).

In view of the lack of precision and clarity as to the offense for which the government introduced the evidence of the Maine marijuana seizure in the Florida trial, it is impossible to determine which offense was relied on in Florida. Since the Maine evidence was presented in this manner in the Florida trial, we affirm the judgment dis-

missing Count II of the Maine indictment on the ground of double jeopardy.[4]

*Affirmed.*

---

**3.** Although a judge in acquitting a defendant might give reasons which would make clear as to which offense he believed the government was introducing evidence, a jury verdict of guilty or not guilty normally would provide no such delineation.

**4.** In view of our disposition of the government's appeal in this case, it is neither necessary nor appropriate for us to rule on the government's claim that the doctrine of collateral estoppel does not require dismissal of Count II or render evidence as to Count II inadmissible.