673 F.2d 27
 UNITED STATES of America, Appellee,
v.
Michael BOOTH, a/k/a Dennis Allen Harper, Larry Joseph
Lancelotti, a/k/a Mark J. Garvey, Gregory Lee Lancelotti,
a/k/a John Bunyan, Irving F. Imoberstag, Jacob Shnurman,
a/k/a William L. Standley, Bradford Eldo Rush, Randall
Collins, a/k/a James Lawrence, Jeffrey Allen Brown, a/k/a
John Albert Black, and Robert Lawler, a/k/a Robert T.
Jefferies, Defendants, Appellants.
 Nos. 81-1703 to 81-1711.
 United States Court of Appeals,
First Circuit.
 Argued Jan. 8, 1982.
Decided March 19, 1982.
 
 Arthur W. Tifford, Miami, Fla., for defendant, appellant Booth.
 Jay P. McCloskey, Asst. U. S. Atty., Bangor, Me., with whom Richard S. Cohen, U. S. Atty., Portland, Me., was on brief, for appellee.
 Before COFFIN, Chief Judge, TIMBERS, Circuit Judge,* BREYER, Circuit Judge.
 TIMBERS, Circuit Judge.
 
 
 1
 On this appeal from an order entered in the District of Maine, Edward T. Gignoux, Chief Judge, the principal question presented is whether the district court correctly denied appellants' motions to dismiss the conspiracy count of an indictment as to them on the ground of double jeopardy. We hold that it did. We affirm.[1]
 
 I.
 
 2
 On November 9, 1979, appellant Booth and eighteen others were indicted in the Southern District of Florida on six counts which charged a marijuana smuggling operation. Count I, the count pertinent to this appeal, charged Booth, from some time prior to June 1973 to the date of the filing of the indictment, with conspiring to possess marijuana with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1976).
 
 
 3
 On October 20, 1980, Maine state police officers arrested Booth on Whitmore Neck, Deer Isle, Maine, and seized twenty-five tons of marijuana nearby. On October 29, 1980, Booth and twenty-three others were indicted in the District of Maine on charges of conspiring to possess marijuana with intent to distribute it, in violation of 21 U.S.C. §§ 841(b)(6) and 846 (1976) (Count I), and on charges of possession of marijuana with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(6) (1976) (Count II). The Maine indictment charged a conspiracy from on or about March 19, 1980 to October 20, 1980.
 
 
 4
 On November 24, 1980, a superseding indictment was returned in Florida. Count I remained the same, but the time of the continuing criminal enterprise charged in Count VI was extended to November 24, 1980. After a jury trial which began April 28, 1981, Booth was convicted on June 19, 1981 of the conspiracy charged in Count I of the Florida indictment.
 
 
 5
 On July 14, 1981, Booth moved to dismiss Count I of the Maine indictment on the ground of double jeopardy. On September 11, 1981, Judge Gignoux denied this motion from the bench in a reasoned opinion.[2] From the order entered on the opinion of Judge Gignoux, appellants have taken the instant appeal.
 
 
 6
 The appeal is properly before us at this time. A pretrial order denying a motion to dismiss an indictment on the ground of double jeopardy is appealable as a final order under 28 U.S.C. § 1291 (1976). Abney v. United States, 431 U.S. 651, 659 (1977).
 
 II.
 
 7
 In Brown v. Ohio, 432 U.S. 161, 166 (1977), the Supreme Court reaffirmed the use of the "same evidence" test previously articulated in Blockburger v. United States, 284 U.S. 299, 304 (1932), to determine whether two offenses are the "same offense" for double jeopardy purposes. As the Fifth Circuit explained in United States v. Marable, 578 F.2d 151, 153 (5th Cir. 1978), the test is "whether proof of the matter set out in a second indictment is admissible as evidence under the first indictment and, if it is, whether a conviction could have been properly sustained on such evidence."
 
 
 8
 The same evidence test has been applied somewhat differently in conspiracy cases because of the possibility that the government literally could comply with it while actually carving up a single conspiracy to commit several crimes into separate prosecutions. We have indicated five factors to be considered in deciding whether two conspiracies charged actually are the same: (1) the time during which the activities occurred; (2) the persons involved in the conspiracies; (3) the places involved; (4) whether the same evidence was used to prove the two conspiracies; and (5) whether the same statutory provision was involved in both conspiracies. United States v. Chagra, 653 F.2d 26, 29 (1st Cir. 1981), cert. denied, --- U.S. ----, 102 S.Ct. 1252, 71 L.Ed.2d 445 (1982).[3]
 
 
 9
 Applying these factors here, we hold that Judge Gignoux properly denied the motions to dismiss the conspiracy count of the indictment. First, the time periods in the two indictments are completely different. The Florida indictment charged a conspiracy from some time prior to June 1973 to November 9, 1979. The Maine indictment charges a conspiracy from on or about March 19, 1980 to October 20, 1980.
 
 
 10
 Second, of the twenty-four defendants charged in the Maine indictment and the nineteen defendants charged in the Florida indictment, only ten defendants are common to both. Thus the persons involved in the two conspiracies are substantially different. See United States v. DeFillipo, 590 F.2d 1228, 1234 & n.7 (2d Cir.) (no double jeopardy problem when, in a case where one indictment charged seven persons and the other six, four overlapped), cert. denied, 442 U.S. 920 (1979); United States v. Martinez, 562 F.2d 633, 638 (10th Cir. 1977).
 
 
 11
 Third, the places where the events charged as part of the two conspiracies took place are entirely different. We find too attenuated appellants' claim that the Florida conspiracy encompassed the Maine conspiracy because the Florida indictment charged a conspiracy in the Southern District of Florida "and elsewhere." In United States v. Chagra, supra, we rejected a similar claim where the earlier indictment charged conduct in Texas and in "divers other places to the grand jurors unknown." 653 F.2d at 29. Furthermore, the overt acts charged in the two indictments here involved occurred in different places. Those charged in the Florida indictment occurred in Florida; those charged in the Maine indictment occurred in Maine.
 
 
 12
 Fourth, although evidence of the Maine conspiracy was introduced at the trial of the Florida conspiracy, this evidence was introduced for the limited purpose of demonstrating intent and knowledge through evidence of subsequent similar acts. The evidence was not introduced to show a continuing conspiracy in Maine. Admission of evidence to show intent is permitted by Rule 404(b) of the Federal Rules of Evidence. United States v. DeFillipo, supra, 590 F.2d at 1240.
 
 
 13
 Fifth, although here the statutory offense charged-conspiracy to possess marijuana with intent to distribute it-is the same in both the Florida and Maine indictments, this in itself is insufficient to support a claim of double jeopardy in view of the other significant differences referred to above. United States v. Chagra, supra, 653 F.2d at 29 ("a claim of double jeopardy ordinarily could not be sustained even if the offenses charged in the two indictments had been the same"); United States v. Johnson, 612 F.2d 843, 846-47 (4th Cir. 1979).
 
 
 14
 We hold that Judge Gignoux properly denied the motions to dismiss the conspiracy count of the indictment on the ground of double jeopardy.
 
 III.
 
 15
 Booth further argues that Count I should have been dismissed on the ground of due process, citing the so-called Petite policy which was first stated in Petite v. United States, 361 U.S. 529 (1960) (per curiam). In that case the government's motion for an order vacating a judgment of conviction was granted on the ground that it was a federal policy "that several offenses arising out of a single transaction should be alleged and tried together and should not be made the basis of multiple prosecutions." The government represented that the policy was dictated by considerations of fairness to defendants and of efficient and orderly law enforcement. Id. at 530.
 
 
 16
 Booth's reliance on that doctrine here is misplaced because the doctrine is one of federal prosecutorial policy, not a matter of constitutional law. Although the Court in Petite stated that it was not reaching any due process or double jeopardy issues, 361 U.S. at 530, later in Rinaldi v. United States, 434 U.S. 22, 29 (1977) (per curiam), the Court held that the part of the Petite policy which precludes federal prosecution following a state prosecution for the same crime was "not constitutionally mandated". We believe that this holding on an analogous aspect of the Petite policy forecloses Booth's due process claim here. The Petite policy and cases construing it stand only for the proposition that the government's motion to dismiss should be granted when it discovers that it is conducting separate prosecutions for the same offense. The doctrine does not create a corresponding right in the accused. United States v. McInnis, 601 F.2d 1319, 1323 (5th Cir. 1979), cert. denied, 445 U.S. 962 (1980).
 
 
 17
 We hold that Booth's argument that fundamental fairness required dismissal of Count I is unsupported and without merit.
 
 IV.
 
 18
 Booth also contends that he was entitled to an evidentiary hearing to determine whether the offenses charged in the two indictments were the same. A defendant claiming double jeopardy has the burden of presenting evidence to establish a prima facie nonfrivolous double jeopardy claim. Once such a claim is established, the burden shifts to the government to prove by a preponderance of the evidence that the indictments charge separate offenses. United States v. Futch, 637 F.2d 386, 389 (5th Cir. 1981).
 
 
 19
 The record here shows that the hearing on Booth's motion to dismiss the conspiracy count was a sufficient evidentiary hearing on his double jeopardy claim. We are satisfied that no further relevant information could have been presented. Furthermore, as in Chagra, Booth did not establish a prima facie claim of double jeopardy sufficient to shift the burden of proof to the government.
 
 
 20
 We hold that Judge Gignoux correctly denied appellants' motions to dismiss Count I of the indictment.
 
 
 21
 Affirmed.
 
 
 
 *
 Of the Second Circuit, by designation
 
 
 [1]
 Other subordinate questions are presented and discussed under sections III and IV of this opinion
 In addition to appellant Booth, the other eight appellants named in the caption of this opinion also have appealed from the order denying the motion to dismiss the conspiracy count. In the interest of brevity, we shall refer in this opinion only to the appeal of appellant Booth. He is the only appellant who filed a brief and who appeared by counsel in our Court. Our disposition of Booth's appeal, however, applies likewise to the appeals of the other eight named appellants.
 We assume familiarity with our opinion filed today in the companion case of United States v. Middleton, 673 F.2d 31 (1st Cir. 1982), where we affirmed the judgment entered by Judge Gignoux dismissing on the ground of double jeopardy the substantive count of the instant indictment (Count II) as against defendant Middleton, the conspiracy count (Count I) having been dismissed by Judge Gignoux as against defendant Middleton with the acquiescence of the government.
 
 
 [2]
 Judge Gignoux also denied appellants' motions to dismiss the substantive count (Count II). That count is not before us on this appeal, since the order to the extent that it denied the motion to dismiss Count II is not appealable
 
 
 [3]
 The Fifth Circuit, in United States v. Marable, supra, 578 F.2d at 154, has adopted a substantially similar test:
 "Our examination of the record focuses upon these elements: (1) time, (2) persons acting as coconspirators, (3) the statutory offenses charged in the indictments, (4) the overt acts charged by the government or any other description of the offense charged which indicates the nature and scope of the activity which the government sought to punish in each case, and (5) places where the events alleged as part of the conspiracy took place."