**UNITED STATES of America, Plaintiff,**

v.

**Irvin R. MORRIS and Stuart L. Smith, Defendants.**

**Criminal No. 94–34–P–C.**

United States District Court, D. Maine.

Jan. 29, 1996.

Jonathan A. Toof, Asst. U.S. Atty., Portland, Maine, James W. Chapman, Jr., U.S. Dept. of Justice, Northern Criminal Enforcement Section, Washington, D.C., for Plaintiff United States.

William Maselli, Law Offices of Wm. Maselli, Auburn, Maine, for Defendant Irvin R. Morris.

Theodore A. Barone, Perkins, Smith & Cohen, Boston, MA, William F. Sullivan, Sullivan & Largey, Quincy, MA, for Defendant Stuart L. Smith.

*MEMORANDUM OF DECISION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS COUNT III*

GENE CARTER, Chief Judge.

On September 21, 1994, Defendants Stuart L. Smith and Irvin R. Morris were indicted with seven co-defendants in a three count Superseding Indictment. Count I charged them with conspiracy to distribute and to possess with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count II charged Smith with criminal forfeiture of a boat named the Miss Molly and Morris with criminal forfeiture of his real property in Otisfield, Maine, in violation of 21 U.S.C. § 853. Count III charged them with conspiracy to defraud the United States

Internal Revenue Service in the determination and collection of income taxes, in violation of 18 U.S.C. § 371.

On March 14, 1995, this Court issued an order severing the Defendants into two groups and bifurcating Counts I and II from Count III for trial. Order (Docket No. 222). On May 12, 1995, the Court entered a new order vacating its March 14 order, to the extent it severed the Defendants into two groups for trial, and reasserted its order bifurcating trial on Counts I and II from Count III. Order (Docket No. 252). On September 6, 1995, jury trial commenced against Smith and Morris on Counts I and II. On September 21, 1995, the jury acquitted both of them on Count I by general verdict. The jury acquitted Smith by special verdict on Count II, the forfeiture of Miss Molly, but failed to complete the special verdict form with respect to the forfeiture of Morris' property in Otisfield, Maine. The foreperson later advised the Court that the jury was under the mistaken impression that because it had acquitted Morris on Count I, it believed a verdict on Count II was not required. Given this representation from the jury, the Government moved for, and the Court granted, dismissal of Count II, to the extent it pertained to the forfeiture of Morris' property.

On October 10, 1995, Smith and Morris each filed Motions to Dismiss Count III, on grounds that continued prosecution after their acquittal on Counts I and II was a violation of double jeopardy and the collateral estoppel doctrine. (Docket Nos. 340 & 341). Defendant Smith also claims that any attempt by the Government to introduce evidence at the Count III trial that they accrued income from legitimate sources would amount to constructive amendment of the charges in Count III of the Superseding Indictment. The Court will address each of these claims in turn.

*I. DOUBLE JEOPARDY*

Defendants contend that the principles of double jeopardy forbid retrial of the same conspiracy and that the conspiracy alleged in Counts I and III are the same in that they

necessarily include the retention and concealment of assets as part of its goal. The thrust of Defendants argument is that Count III is a small segment of the Count I conspiracy.

The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The purpose of the clause is to prevent government overreaching by forbidding multiple punishments or repeated prosecutions for the same offense after conviction or acquittal. *Ohio v. Johnson*, 467 U.S. 493, 502, 104 S.Ct. 2536, 2542–43, 81 L.Ed.2d 425 (1984); *United States v. Aguilar–Aranceta*, 957 F.2d 18, 21 (1st Cir.), *cert. denied*, 506 U.S. 834, 113 S.Ct. 105, 121 L.Ed.2d 64 (1992). The test for determining whether two offenses are the same for double jeopardy purposes was articulated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The test is applicable when the defendant is charged with violating two distinct statutory provisions and provides that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is "whether each provision requires proof of a fact which the other does not." *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Id.* at 304, 52 S.Ct. at 182; *United States v. Rivera–Feliciano*, 930 F.2d 951, 953 (1st Cir.1991). Thus, the *Blockburger* test focuses on the proof needed to establish the statutory elements of each offense, rather than the actual evidence presented at trial. *Illinois v. Vitale*, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980).

In this case, the conspiracies framed in Counts I and III have different objectives. Count I requires proof beyond a reasonable doubt that the conspiracy as charged existed and that the Defendants agreed to participate in it, intending to distribute and possess with intent to distribute marijuana. *See United States v. Sepulveda*, 15 F.3d 1161, 1173 (1st Cir.1993) *cert. denied*, —— U.S. ——, 114 S.Ct. 2714, 129 L.Ed.2d 840 (1994). Count III requires proof beyond a reasonable doubt that the conspiracy as charged existed, that the Defendants agreed to participate in it, and that at least one overt act was committed in furtherance of the goal of defrauding the United States. *United States v. Cambara*, 902 F.2d 144, 146–47 (1st Cir. 1990). The counts also require proof of different factual elements. Count I requires proof beyond a reasonable doubt that the conspiracy charged existed and that the Defendants agreed to participate in it, intending to distribute and possess with intent to distribute marijuana. Count II requires proof by a preponderance on evidence that the Defendants either used the Miss Molly and the Otisfield property to facilitate the Count I conspiracy or that the assets represent proceeds of marijuana distribution. Count III requires proof beyond a reasonable doubt that the conspiracy as charged existed, that the Defendants agreed to participate in it, and that at least one overt act was committed in furtherance of the goal of defrauding the United States. It is clear that while the Government needed to prove at trial on Count I that Smith and Morris intended to distribute or possess with the intent to distribute marijuana, there is no comparable element of proof required to obtain a conviction on Count III. Conversely, to attain a conviction on Count III, the Government must prove at least one overt act in furtherance of the conspiracy; no such proof was required during the first trial. *United States v. Shabani*, —— U.S. ——, ——, 115 S.Ct. 382, 383, 130 L.Ed.2d 225 (1994); *United States v. Paiva*, 892 F.2d 148, 155 (1st Cir. 1989). Therefore, the *Blockburger* test is satisfied.

Smith contends, however, that even if the *Blockburger* test is fulfilled, an additional analysis is required pursuant to *Grady v. Corbin*, 495 U.S. 508, 521, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990), to determine whether the proof of Count III would necessarily include proof of conduct that was established during trial on Counts I and II. Smith Memorandum (Docket No. 342) at 3. Defendants contend that under *Grady* the similarity in evidence would bar prosecution on Count III. As the government correctly points out, however, the *Grady* rule was rejected in *United States v. Dixon*, 509 U.S.

688, ——–——, 113 S.Ct. 2849, 2859–64, 125 L.Ed.2d 556, 572–78 (1993). In *Dixon* the Supreme Court, concluded that the "same elements" test alone was the appropriate test for determining whether the subsequent prosecutions were barred by the Double Jeopardy Clause. As discussed above, the analysis of the statutes that are the basis for the charges in the three counts of the superseding indictment compels the conclusion that the elements of the offenses are different.

Smith next contends that the two charged conspiracies are the same. Smith Memorandum at 4. To support this argument Smith cites to cases involving the single-versus-multiple-conspiracy theory. According to Smith, "[T]here is no basis upon which the Bangor jury could have acquitted [Smith] other than that he was not involved in the conspiracy alleged in the Superseding Indictment, which conspiracy charge the government now seeks to relitigate against Defendant." Smith Memorandum at 9. Under Smith's theory, Counts I and III should have been charged together as parts of a single conspiracy, and his acquittal on Count I therefore mandates dismissal of Count III.

■■■■ In order to determine whether two conspiracies should have been joined in a single count, courts are guided by five factors: (1) the time when the activities in the conspiracies occurred; (2) the identities of the persons involved in the conspiracies; (3) the places involved in the conspiracies; (4) whether the same evidence is used to prove the two conspiracies; and (5) whether the same statutory violation is charged with respect to each conspiracy. *See, e.g., United States v. Booth,* 673 F.2d 27, 29 (1st Cir. 1982), *cert. denied,* 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982).[1] The Government does not challenge the overlap between the conspiracies charged in terms of time, place, identities of the coconspirators, and the similarity of evidence in Counts I and III. Nevertheless, the Government insists that the statutory violation charged in each conspiracy make them sufficiently distinct for purposes of double jeopardy. This Court agrees. Although no one factor is necessarily controlling, the Court finds that the weight of the final element is determinative in this case.

■■■ Morris makes a substantially similar argument. He claims that "[t]he buying and transporting and selling of marijuana as well as the use of cash to avoid detection were all various criminal acts undertaken in support of the one conspiratorial objective" that is a conspiracy to conceal assets derived from drug distribution "is a natural part of the marijuana distribution conspiracy asserted in Count One." Morris Memorandum (Docket No. 340) at 3, 5. Morris's theory, therefore,

---

1. None of the cases relied upon by Smith present the situation the Court finds itself faced with here; that is, whether two different conspiracy statutes charged in a single indictment must be tried together as a single conspiracy if they are based on the same conduct. *United States v. Booth,* 673 F.2d at 29, dealt with an indictment charging conspiracy to possess with intent to distribute cocaine in two separate counts. The court found that they were not multiplicitous, even though based on the same violation, in view of the first four factors listed above. *Id.* at 30. In *United States v. Garcia–Rosa,* 876 F.2d 209 (1st Cir.1989), unlike this case, the defendant was charged twice with the violation of the same statutory provision. *Id.* at 227. In any event *Garcia–Rosa* was vacated. *See Rivera–Feliciano v. United States,* 498 U.S. 954, 111 S.Ct. 377, 112 L.Ed.2d 391 (1990). In *United States v. Gomez–Pabon,* 911 F.2d 847 (1st Cir.1990), *cert. denied,* 498 U.S. 1074, 111 S.Ct. 801, 112 L.Ed.2d 862 (1991), the Court held that charging conspiracy to import marijuana and conspiracy to import cocaine in the same indictment, based on the

same facts and alleging the same statutory violation, offended double jeopardy principles. *Id.* at 860. By contrast, separate charges of conspiracy to import cocaine and conspiracy to possess with intent to distribute cocaine, based on the same facts, did not violate double jeopardy, because of the different elements of proof required by the importation and conspiracy statutes. *Id.* at 860. In *United States v. Maling,* 737 F.Supp. 684 (D.Mass.1990), defendants were charged with conspiracy to distribute marijuana violating 21 U.S.C. § 846 from 1973 to 1987 in seven states. Defendants were also charged with conspiracy to distribute marijuana violating 21 U.S.C. § 846 in July 1986 within three states already covered by count one. Overlooking the fact that it was the same statutory offense which was charged in *Maling,* the district court applied the traditional *Blockburger* same element analysis, concluding that it was not proper to dismiss either count prior to trial based on the government's proffer that the evidence at trial would support two distinct conspiracies. *Id.* at 697.

is that the Superseding Indictment outlines a single agreement with multiple criminal objectives. Even if this is correct, a single agreement may have multiple criminal objectives. *United States v. Claudio,* 44 F.3d 10, 13 (1st Cir.1995) (single conspiracy embracing drug possession with intent to distribute, 21 U.S.C. §§ 841(a), 846, and specific act of importation, 21 U.S.C. § 952(a)). Therefore, contrary to Morris's assertion a single agreement may constitute two different offenses for double jeopardy purposes, so long as two different statutes were violated and each requires proof that the other does not. Trial on Count III is therefore not prohibited by double jeopardy principles.

## II. COLLATERAL ESTOPPEL

 Defendants next argue that acquittal on the charge of conspiracy to distribute and to possess with the intent to distribute marijuana (Count I) has collateral estoppel effect on their trial for conspiracy to defraud the government in the determination and collection of income taxes (Count III). The doctrine of collateral estoppel is part of the guarantees embodied in the Double Jeopardy Clause. *Ashe v. Swenson,* 397 U.S. 436, 445–46, 90 S.Ct. 1189, 1195–96, 25 L.Ed.2d 469 (1970). Collateral estoppel prohibits relitigation of the issue of ultimate fact which has been determined between the same parties by a previous judgment. *Id.* at 443, 90 S.Ct. at 1194. To determine whether collateral estoppel bars a subsequent retrial of issues following an acquittal based on a general verdict, this Court must

> examine the record of the prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude 'whether a rational jury could have grounded its verdict upon an issue other than that which the defendant[s] seek[ ] to foreclose from consideration.' The inquiry must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.

*Ashe,* 397 U.S. at 444, 90 S.Ct. at 1194 (quoting *Sealfon v. United States,* 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948)).

 The burden of establishing a violation of the collateral estoppel doctrine is on the Defendants. *Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 673, 107 L.Ed.2d 708 (1990). Here, Defendants contend that the ultimate issue of fact—that Defendants did not belong to a conspiracy that had as its goal the accumulation and concealment of assets derived from a marijuana distribution scheme—was decided in their favor at the first trial. Smith Memorandum at 11; Morris Memorandum at 6–9. The Government responds that it does not intend to relitigate any ultimate fact already decided in the first prosecution since "[t]here is no way to impute from the general verdict any indicia of the jury's reasons for acquitting Defendants." Government Memorandum (Docket No. 357). The Court agrees with the Government on this point. For example, the jury could have based its finding of not guilty on the failure to prove that Defendants had intent to distribute marijuana; in order to prove that the Defendants committed the conspiracy alleged in Count III the Government does not have to prove that the Defendants intended to distribute marijuana. Accordingly, collateral estoppel is not a bar to trial on Count III.

## III. CONSTRUCTIVE AMENDMENT OF SUPERSEDING INDICTMENT

Defendant Smith raises one final issue in his Motion to Dismiss. Smith claims that the Government may attempt to introduce at trial on Count III evidence that Defendants defrauded the Internal Revenue Service on the basis of legally-obtained income, rather than drug proceeds. If such evidence is permitted, Smith contends, the superseding indictment will have been constructively amended. The Government states in its memorandum, and confirmed at oral argument on Defendants' Motion to Dismiss, that it does intend, if possible, to offer at trial of Count III evidence that came to light at the trial of Counts I and II that Smith and Morris failed to disclose legitimate income to the Internal Revenue Service. Government Memorandum at 20. The Court finds that

this issue is prematurely raised at this time.[2]

Accordingly, it is *ORDERED* that Defendants' Motions to Dismiss be, and they are hereby, *DENIED*.

---

2. This issue would more properly be raised at trial if and when the Government offers the evidence or in a motion *in limine* prior to trial.