# United States Court of Appeals
## For the First Circuit

No. 19-1003

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ REYES-CORREA, a/k/a Bondo,

Defendant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]


Before

Torruella, Dyk,* and Barron, Circuit Judges.


Julio César Alejandro Serrano for appellant.
Kelley Brooke Hostetler, Attorney, Criminal Appellate
Section, United States Department of Justice, with whom Rosa Emilia
Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte,
Assistant United States Attorney, Chief, Appellate Division, and
Francisco A. Besosa-Martínez, Assistant United States Attorney,
were on brief, for appellee.


August 14, 2020


* Of the Federal Circuit, sitting by designation.

**BARRON**, **Circuit Judge**. José Reyes-Correa ("Reyes") was indicted in 2017 in the United States District Court for the District of Puerto Rico for committing a federal drug conspiracy offense. He moved to dismiss the indictment under the Double Jeopardy Clause of the United States Constitution based on his prior conviction in a Commonwealth court for a local drug offense. The District Court denied the motion, and Reyes filed this interlocutory appeal challenging that denial. We reverse.

## I.

The undisputed facts are as follows. An officer of the Puerto Rico police, Anthony Hernandez, reported observing Reyes engaging in drug transactions on November 18 and 19 of 2015 at the Fernando Luis García Housing Project in Utuado, Puerto Rico.[1] Based on those reported observations, Puerto Rico police officers the next day obtained a warrant and searched Reyes's apartment in the complex, where they found forty-one baggies of crack cocaine.

A number of weeks later, in January of 2016, Reyes was charged in a local court in Puerto Rico with possession with intent to distribute under Article 401 of the Puerto Rico Controlled Substances Act on the basis of his alleged conduct at the Fernando Luis García Housing Project. See P.R. Laws Ann. tit. 24,

---

[1] The record suggests that the District Court's reference to the "Fernando L. Alegría housing project" in its order denying the motion to dismiss is an error.

§ 2401(a)(1). On March 15, 2016, however, Reyes pleaded guilty based on that same conduct to a different offense: a violation of Article 406 of the Puerto Rico Controlled Substances Act, which criminalizes "attempt[ing] or conspir[ing] to commit" any of the substantive offenses criminalized by the Act, id. § 2406, which include those set forth by Article 401, see id. § 2401, as well as those set forth by Article 404, which criminalizes simple possession of a controlled substance, see id. § 2404(a).

About sixteen months after entering his guilty plea for that offense, on July 13, 2017, Reyes was then named in a federal indictment in the United States District Court for the District of Puerto Rico. That indictment alleged that Reyes and twenty-six co-defendants were participants in a decade-long drug conspiracy involving the trafficking of crack cocaine and other drugs near two public housing projects in Utuando, Puerto Rico, one of which was the Fernando Luis García Public Housing Project.

The federal indictment charged Reyes with five drug-related federal offenses, including, of particular note here, conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. The federal indictment also charged him with four counts of aiding and abetting possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1), each for a different drug: heroin, cocaine, cocaine base, and marijuana, respectively.

"The Double Jeopardy Clause of the Fifth Amendment [to the United States Constitution] prohibits more than one prosecution for the 'same offence.'" Puerto Rico v. Sánchez Valle, 136 S. Ct. 1863, 1867 (2016). The United States Supreme Court has long held -- and has recently reaffirmed -- that separate sovereigns may separately prosecute the same defendant for the same criminal conduct without violating the defendant's double jeopardy rights. See Gamble v. United States, 139 S. Ct. 1960, 1964 (2019). But, the Court has also recently held that the Puerto Rico government and the United States federal government are not separate sovereigns for double jeopardy purposes. See Sánchez Valle, 136 S. Ct. at 1873. Thus, those two governments may not "successively prosecute a single defendant for the same criminal conduct." Id. at 1868.

Based on Sánchez Valle, Reyes moved to dismiss on double jeopardy grounds the § 846 conspiracy count that he faced in his federal indictment on the ground that his prior Article 406 conviction was for the same criminal conduct that the § 846 count charged him with committing. The District Court denied the motion because it determined that "the charges for which [Reyes] was already convicted and sentenced at the Commonwealth level and the charges brought in this case are not the same offense." Reyes now contests that ruling in this timely interlocutory appeal, in which he seeks the dismissal of the count in the federal indictment that

charges him with violating 21 U.S.C. § 846. See Abney v. United States, 431 U.S. 651, 659 (1977).

## II.

The same sovereign may not "target . . . identical criminal conduct through equivalent criminal laws." Sánchez Valle, 136 S. Ct. at 1870. Two laws "are not the same if they each 'require[] proof of [an additional] fact which the other does not.'" United States v. Lanoue, 137 F.3d 656, 661 (1st Cir. 1998) (alteration-s in original) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)); see also Gamble, 139 S. Ct. at 1980 (noting "the long-settled rule that an 'offence' for double jeopardy purposes is defined by statutory elements, not by what might be described in a looser sense as a unit of criminal conduct").

The key question for us is whether the § 846 count for conspiracy to possess a controlled substance with an intent to distribute set forth in the federal indictment charges Reyes with identical criminal conduct for committing the same criminal offense for which, in light of his Article 406 conviction, he has already been prosecuted. "A defendant claiming double jeopardy has the burden of presenting evidence to establish a prima facie nonfrivolous double jeopardy claim." United States v. Booth, 673 F.2d 27, 30 (1st Cir. 1982). It is only "[o]nce such a claim is established" that "the burden shifts to the government to prove by

- 5 -

a preponderance of the evidence that the indictments charge separate offenses."  Id. at 31.  Our review is de novo.  See Sampson v. United States, 832 F.3d 37, 44 (1st Cir. 2016).[2]

### A.

The parties agree that Article 406 sets forth distinct "attempt" and "conspiracy" crimes as a matter of Puerto Rico law, and Reyes does not dispute that, for double jeopardy purposes, "[c]onspiracy to commit an unlawful act and attempt to commit an unlawful act are distinct offenses," as they encompass non-overlapping elements.  United States v. George, 752 F.2d 749, 756 (1st Cir. 1985).  Compare P.R. Laws Ann. tit. 33, § 4663 (providing that "attempt" crimes in Puerto Rico require proof of an act or omission "unequivocally and instantaneously directed toward initiating the commission of a crime") and United States v. Benítez-Beltrán, 892 F.3d 462, 468 (1st Cir. 2018) (noting that a previous version of the attempt statute, requiring acts or omissions "unequivocally directed to the execution of an offense," seems to require at least a substantial step), with United States v. Shabani, 513 U.S. 10, 16 (1994) (holding that the federal drug

---

[2] The government argues that Reyes has waived his double jeopardy claim "by failing to provide any record citations in support of his argument."  But, it points to no cases demanding such a strict waiver rule, and we decline to apply one.  The government also contends that Reyes waived his double jeopardy claim by failing to explicitly argue that he satisfied his burden to establish a prima facie claim.  Fairly construed, however, much of his brief was devoted to making that precise argument.

conspiracy charge at issue under § 846 does not require proof of an actus reus beyond "the criminal agreement itself"). Moreover, the parties agree that Reyes's conviction under Article 406 was not formally recorded as one for the conspiracy rather than the attempt variant of that offense or vice versa. Thus, the Puerto Rico judgment of conviction does not in and of itself show -- on its face -- either that he was convicted of a conspiracy rather than an attempt offense pursuant to Article 406 or that he was not.

In addition, the government contends that, although Reyes was initially charged under Article 401 in Puerto Rico court with "knowingly or intentionally . . . possess[ing] with the intent to . . . distribute . . . a controlled substance," P.R. Laws Ann. tit. 24, § 2401(a)(1), the judgment for his Article 406 conviction does not specify -- on its face -- the substantive offense that he was convicted of either attempting or conspiring to commit. Here, too, Reyes does not take issue with the government's characterization of the judgment.

In front of the District Court, however, the government did not premise its defense against Reyes's double jeopardy challenge on the fact that the judgment of conviction for his Article 406 conviction was not clear in these respects. The government did not at any point develop an argument disputing Reyes's contention that he had been convicted of conspiring to

- 7 -

violate Article 401. Instead, it argued that, even accepting that Reyes's Article 406 conviction was for the conspiracy variant of that offense and that the substantive offense that he was convicted of conspiring to commit in violation of Article 406 was an Article 401 offense, there still was no double jeopardy bar to the federal government prosecuting Reyes under 21 U.S.C. § 846 for conspiring to possess with intent to distribute controlled substances.

The government advanced this contention primarily by arguing that Reyes's involvement in the alleged federal drug conspiracy charged in the federal § 846 count continued after his arrest for the conduct that led to his Article 406 conviction. On that basis, the government contended that his prosecution for the federal § 846 offense was not for the identical criminal conduct that he already had been prosecuted for under Puerto Rico law.

In its brief on appeal, the government continued to rely chiefly on this same argument. Specifically, it argued that "Reyes's return to his old ways after his original conviction" required us to conclude that "the federal drug trafficking conspiracy charge[] filed after Reyes's Puerto Rico drug conviction does not run afoul of the Double Jeopardy Clause."

Shortly before argument in our Court, however, the government -- commendably -- filed a Letter of Clarification. In it, the government conceded that it could not "state with certainty that any witness will be able to testify that Reyes's

participation" in the alleged federal drug conspiracy charged in the § 846 count "continued past his [Puerto Rico] arrest" for the conduct that ultimately led to his Article 406 conviction. The government instead stated that it was no longer "relying on any argument that his post-arrest conduct defeats his double jeopardy claim." Thus, this ground for rejecting Reyes's double jeopardy challenge is now off the table.

The government has not abandoned altogether, however, the contention that, even if the Article 406 conviction was for a conspiracy offense, and even if that conspiracy offense was for possession with intent to distribute a controlled substance in violation of Article 401, the Double Jeopardy Clause does not preclude Reyes's prosecution for the federal conspiracy count that charges him with violating 21 U.S.C. § 846. But, we are not persuaded by the arguments that the government puts forth for so concluding.

The government argues in its brief to us that, even if the Article 406 conviction was for conspiring to commit possession with intent to distribute a controlled substance in violation of Article 401, it is not the same offense as a legal matter as the federal conspiracy offense set forth in 21 U.S.C. § 846, insofar as that offense punishes a conspiracy to commit possession with intent to distribute a controlled substance. But, the two statutory offenses are defined in nearly identical language, and

the government fails to identify a substantive difference between them. Compare P.R. Laws Ann. tit. 24, § 2406 (establishing penalties for "[a]ny person who . . . conspires to commit any offense defined in this chapter") and id. § 2401(a)(1) ("[I]t shall be unlawful for any person knowingly or intentionally . . . [t]o . . . possess with the intent to . . . distribute . . . a controlled substance."), with 21 U.S.C. § 846 (establishing penalties for "[a]ny person who . . . conspires to commit any offense defined in this subchapter") and id. § 841(a)(1) ("[I]t shall be unlawful for any person knowingly or intentionally . . . to . . . possess with intent to . . . distribute . . . a controlled substance."). We thus reject this ground for finding no double jeopardy bar.

The government separately contends that, assuming both that Reyes's Article 406 conviction was for conspiring to possess with intent to distribute a controlled substance in violation of Article 401 and that such an Article 406 offense is not legally distinct from the corresponding drug conspiracy offense that 21 U.S.C. § 846 sets forth, there still is no double jeopardy bar here. The government argues that this is the case because the actual conspiracy that Reyes pleaded guilty to being a participant in under Article 406 is factually distinct from the conspiracy that he is charged with being a participant in under the federal

- 10 -

count that charges him with violating 21 U.S.C. § 846. But, here, too, we are not persuaded.

To support this fact-based contention, the government points out that the § 846 count in Reyes's federal indictment alleged that twenty-six co-conspirators were involved in the federal drug conspiracy in which he was charged with being a participant and that none of those co-conspirators were mentioned in the Puerto Rico proceedings that resulted in his Article 406 conviction. The government also highlights both the fact that the § 846 count in the federal indictment identified an additional housing project to the one referenced in the Commonwealth court proceedings that resulted in Reyes's Article 406 conviction and the fact that the ten-year drug conspiracy alleged in the § 846 count of the federal indictment started well before and ended long after the brief incident involving his possession of crack cocaine at the Fernando Luis García Housing Project in 2015 that led to his Article 406 conviction. Furthermore, the government claims that, in support of the § 846 charge in the federal indictment, it has evidence that establishes not just Reyes's possession of crack cocaine in his apartment in 2015 but also evidence of "Reyes's participation in the federal conspiracy over a course of years." Finally, the government emphasizes that, unlike the Commonwealth court conviction, which was premised only on Reyes's connection to the crack cocaine found in his apartment in 2015, the federal

indictment alleged the existence of a conspiracy to possess with intent to distribute not only crack cocaine but also other drugs as well.

Differences in participants, places, objectives, times, and conduct all may bear on the question of whether two charged conspiracies are factually distinct, such that they are not for the same offense for double jeopardy purposes even though the statutory offense charged is the same as a legal matter. See United States v. Pérez-González, ___ F.3d ___, ___ (1st Cir. 2020) [No. 17-1754, slip op. at 7-8]; United States v. Laguna-Estela, 394 F.3d 54, 57-59 (1st Cir. 2005); United States v. Broce, 488 U.S. 563, 570-71 (1989). In addition, the fact that there is some factual overlap between two charged conspiracies does not, in and of itself, preclude a determination that they are factually distinct for double jeopardy purposes. See, e.g., Pérez-González, ___ F.3d at ___ [slip op. at 7-8]; Laguna-Estela, 394 F.3d at 57-59.

Nonetheless, the same sovereign may not "carv[e] up a single conspiracy to commit several crimes into separate prosecutions" and thereby create distinct offenses that may be prosecuted successively. Booth, 673 F.2d at 29; see also United States v. Morris, 99 F.3d 476, 480 (1st Cir. 1996) (recognizing "the danger that, in conspiracy cases, the government might comply with the letter of Blockburger while evading its spirit by

partitioning a single conspiracy into separate prosecutions"); Brown v. Ohio, 432 U.S. 161, 169 (1977) ("The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units."). The prohibition against evading the double jeopardy bar by carving up a single conspiracy presents a problem for the government here.

As we have noted, the government has dropped the argument that the 21 U.S.C. § 846 count in the federal indictment is predicated on conduct by Reyes that post-dates his Article 406 conviction. What remains of its contention that the conspiracies are not factually the same has little substance. Rather, the circumstances that link the two conspiracies here -- an overlap in time, a substantial overlap in location, intertwined objectives, and what we infer to be a high likelihood of the same underlying criminal organization operating out of the same housing project due to the close connections between these other factors -- suffice to show that Reyes has made out a prima facie case that the federal charge is for the same offense as the Commonwealth one. See Pérez-González, ___ F.3d at ___ [slip op. at 7-8]; Laguna-Estela, 394 F.3d at 57-59.

Consistent with this conclusion, the government itself concedes that the conduct that formed the basis of Reyes's Article 406 conviction is "relevant conduct" to the federal § 846 charge

- 13 -

and thus that evidence grounding that Puerto Rico conviction would also be evidence supporting his conviction on that federal charge. See Laguna-Estela, 394 F.3d at 58. Moreover, the evidence that Reyes may have been engaged in conduct that demonstrates his participation in the federal conspiracy that predates his Article 406 conviction, at least as it has been described by the government, fails to show that the conspiracy that he was convicted of participating in under Article 406 was not just a piece of that same federal conspiracy. Thus, that evidence fails to address the concern that the government is carving up a single conspiracy to evade double jeopardy constraints. See Booth, 673 F.2d at 29.

For these reasons, we are not persuaded by the government's contention that, due to factual distinctions between the conspiracy charged in the federal count under 21 U.S.C. § 846 and any conspiracy offense for which Reyes was prosecuted under Article 406, Reyes failed to make a nonfrivolous, prima facie case that his Article 406 conviction is preclusive, for double jeopardy purposes, of his prosecution for the 21 U.S.C. § 846 count of his federal indictment. Nor, for these same reasons, are we persuaded that, based on the claimed factual distinctions between the conspiracies at issue, the government has met its burden to overcome that prima facie case.

**B.**

There remains, then, only the government's efforts to challenge the premise of Reyes's double jeopardy challenge, which is that his Article 406 conviction was for conspiracy to possess with intent to distribute a controlled substance in violation of Article 401 rather than for some other offense that is distinct -- legally -- from the federal conspiracy offense for which he has been charged in the count of the federal indictment that is brought pursuant to 21 U.S.C. § 846. But, here as well, we do not find the government's arguments to have merit.

The government did assert below, as it does on appeal, that Reyes's conviction under Article 406, even if formally for the conspiracy variant of that offense, was not for a "real conspiracy" but rather only reflected a "negotiating tactic" employed by the parties during plea bargaining. But, the government does not dispute that Reyes must have been convicted based on some facts that would support the crime. See Díaz Díaz v. Alcaide, 1 P.R. Offic. Trans. 1146, 1158 (1973) (holding that, before entering a guilty plea, the judge must "ascertain that the defendant is aware of what his offense is and of the facts charged against him"). Accordingly, the assertion that the conviction was not for a conspiracy offense -- even if formally it was -- because any such conspiracy was not "real" is too speculative to have any force.

We also find unpersuasive the government's attempt to ward off the double jeopardy challenge by circling back to the fact that the judgment is not clear on its face as to the precise nature of Reyes's Article 406 conviction. Here, the government points to the two respects in which that is so that we earlier identified.

First, the government points out that the judgment of conviction does not by terms clarify whether, insofar as the Article 406 conviction was for the conspiracy variant of that offense, it must be understood to have been for conspiring to violate Article 401, which criminalizes possession with intent to distribute a controlled substance, see P.R. Laws Ann. tit. 24, § 2401(a)(1), rather than some other substantive offense that would render that conviction legally distinct from the offense he faces in the federal § 846 count. In that connection, the government now posits -- though it did not below -- that Reyes may have pleaded guilty to conspiring to commit an offense under Article 404 of the Puerto Rico Controlled Substances Act, which prohibits simple possession of controlled substances, see id. § 2404(a), rather than to conspiring to commit the Article 401 offense for possession with the intent to distribute that he was originally charged with committing, see id. § 2401(a)(1).

It is not clear to us that the Article 406 conviction would be for a legally distinct offense -- for double jeopardy

- 16 -

purposes -- from the offense that he faces in the federal indictment for violating 21 U.S.C. § 846 even if the Article 406 conviction was for conspiring to violate Article 404 rather than Article 401. See Lanoue, 137 F.3d at 661 (summarizing the Blockburger test for determining whether two offenses are the same for double jeopardy purposes). But, even assuming that the two offenses then would be legally distinct, this contention still has no merit.

The government below did not develop any argument that the Article 406 conviction was not for a conspiracy to violate Article 401 but was instead for a conspiracy to violate some other statutory provision, such as Article 404. Indeed, it appears to have argued that his Article 406 conviction was for conspiring to violate Article 401. And, given that Reyes had been charged originally with violating Article 401 and not Article 404, there is little more than unfounded speculation behind the new contention that the Article 406 offense was not for conspiracy to possess with the intent to distribute a controlled substance in violation of Article 401 but instead was for conspiracy to engage in simple possession of such a substance in violation of Article 404.

As such, this argument -- given how speculative it necessarily is -- cannot suffice to refute Reyes's adequately supported contention that the fact of his Article 406 conviction, following the Article 401 charge, gives rise to a nonfrivolous,

- 17 -

prima facie case that he was convicted of the same offense that he is now charged with in the § 846 count of the federal indictment that he seeks to dismiss.  See Booth, 673 F.2d at 30.  Nor, quite obviously, can such a speculative contention suffice to permit the government to meet its burden to overcome that prima facie case, once made.

This same course of reasoning leads us to reject the government's equally speculative contention that Reyes's double jeopardy challenge must fail because the judgment does not clarify that his Article 406 conviction was for the conspiracy variant of that offense, rather than for the attempt variant of it.  Indeed, the government did not suggest below -- nor does it suggest in its brief to us on appeal -- that the record fails to accord with the notion that his Commonwealth conviction was for an Article 406 conspiracy to commit an Article 401 offense.  To the contrary, the government repeatedly characterized the conviction below as if it understood it to have been for the conspiracy variant.

We thus find it hard to see how the government can now persuasively make the case that -- just based on the face of the judgment of conviction -- the record does not even show that Reyes has made a prima facie case for concluding that double jeopardy bars the federal prosecution precisely based on the Article 406 conviction having been for conspiring to violate Article 401 rather than for attempting to violate it.  After all, given what the

record shows about where the Article 406 offense occurred and when, as well as the fact that the offense originally charged was for a completed course of conduct and the record shows there was evidence that Reyes was involved in completed, rather than merely attempted, drug possession crimes, there is much reason to think (sufficient for a prima facie case) that the conviction was for the conspiracy rather than the attempt variant of the offense that Article 406 sets forth, even if the judgment of conviction does not itself so state.

Nor, as we have noted, did the government in its briefing on appeal point to anything in the record, beyond the face of the judgment's silence, to support the assertion that the case for finding the Article 406 conviction to have been for the conspiracy rather than the attempt variant was too flimsy to ground a prima facie case for applying the double jeopardy bar to the 21 U.S.C. § 846 count. Moreover, insofar as the government means for this newly developed characterization of the conviction to provide a basis for concluding that it can meet its burden to overcome that prima facie case, it is far too speculative to do so.

At oral argument, the government advanced one last argument in support of the contention that Reyes's double jeopardy challenge fails. This time, it suggested not just that -- despite its earlier characterizations of the Article 406 conviction as being for a conspiracy to violate Article 401 -- the record failed

to make clear the nature of the Article 406 conviction.  This time, the government suggested that, contrary to those earlier characterizations, the record actually tended to show that Reyes was convicted of the attempt rather than the conspiracy variant of Article 406.

We may accept for present purposes that in a case in which the judgment of conviction does not itself clarify the nature of an offense but the record as a whole does, we may look to that record to determine the offense of conviction, whether for purposes of assessing if a defendant has made a prima facie case that a follow-on prosecution is barred by the Double Jeopardy Clause or for purposes of determining if the government has rebutted such a prima facie case.  But, as we have noted, the government did not press this record-based argument for deeming the Article 406 conviction to be for the attempt rather than the conspiracy variant of that offense in front of the District Court or in its brief to us.  In fact, on appeal, the government asserted in its brief that "[t]he Puerto Rico court documents . . . did not shed any light as to" whether "Reyes pleaded guilty to" "conspiracy or attempt" without at any point suggesting that the evidence favored an "attempt" reading of Reyes's Commonwealth crime.

We thus decline the invitation to reject Reyes's double jeopardy challenge on this newly raised, undeveloped, and (yet again) speculative ground.  After all, as Reyes pointed out at

oral argument, it is hardly clear from the record that he was convicted of the attempt rather than the conspiracy variant of the Article 406 offense. As he notes, the evidence showed that his drug crime was completed, and there are indications that a defendant may not be convicted of the attempt variant of this offense for having committed a completed crime. See P.R. Laws Ann. tit. 33, § 4663 ("Attempt exists when a person acts or incurs in omissions unequivocally and instantaneously directed toward initiating the commission of a crime that is not consummated due to circumstances beyond the control of the person." (emphasis added)); see also Beazer E., Inc. v. Mead Corp., 412 F.3d 429, 437 n.11 (3d Cir. 2005) ("[T]he appellee 'waives, as a practical matter anyway, any objections not obvious to the court to specific points urged by the [appellant].'" (second alteration in original) (quoting Hardy v. City Optical Inc., 39 F.3d 765, 771 (7th Cir. 1994))); Conduragis v. Prospect Chartercare, LLC, 909 F.3d 516, 518 n.2 (1st Cir. 2018) ("[E]xcept in extraordinary circumstances, arguments not raised in a party's initial brief and instead raised for the first time at oral argument are considered waived." (quoting United States v. Pulido, 566 F.3d 52, 60 n.4 (1st Cir. 2009))).

## III.

For these reasons, we agree with Reyes that he has met his burden to make a prima facie case that he has been prosecuted

twice "for the same conduct under equivalent criminal laws," Sánchez Valle, 136 S. Ct. at 1876, and that the government has failed to meet its burden to rebut it. We therefore **reverse** the District Court's denial of the motion to dismiss the indictment for the conspiracy count under 21 U.S.C. § 846.