17-1189-cv
*Riley v. Rivers*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand eighteen.

PRESENT:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

BARBARA J. RILEY,

     *Plaintiff-Appellant*,

     v.                                      17-1189-cv

PATRICIA RIVERS, AKA PATRICIA A. HAMM, AKA PATRICIA A. ELLIS, FEDERAL NATIONAL MORTGAGE ASSOCIATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ROBERT HAMM, AKA ROBERT D. HAMM,

     *Defendants-Appellees*,

AAMES FUNDING CORPORATION, CITI MORTGAGE INCORPORATED, JP MORGAN CHASE BANK, N.A.,

     *Defendants.*

_____

For Plaintiff-Appellant:        Barbara J. Riley, proceeding *pro se*, Jacksonville, Florida.

For Defendants-Appellees:        Curtis V. Trinko, Law Offices of Curtis V. Trinko, LLP, New York, New York.

Allison M. Funk, Allison J. Schoenthal, Leah Edmunds, Hogan Lovells US LLP, New York, New York.

Brian P. Scibetta, Richard P. Haber, Buckley Madole, P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*; Mann, *C.M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Barbara J. Riley, proceeding *pro se*, appeals from a March 23, 2017 judgment of the United States District Court for the Eastern District of New York dismissing her quiet title, tortious inference with contract, and fraud claims against the defendants. Riley sought to quiet title to real property in Queens, New York, bringing fraud and other claims against various individuals and entities. Riley also alleged that the defendant mortgage lenders had improperly allowed Defendant-Appellee Patricia Rivers to secure loans on the property, which Riley asserted Rivers did not rightfully possess. The district court dismissed Riley's Second Amended Complaint for failure to state a claim. In addition to Riley's appeal, Rivers moves to submit into the record her retainer agreement with her attorneys. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We begin with Rivers's motion to supplement the record on appeal. We will consider evidence not before the district court in "extraordinary circumstances." *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975); *see* Fed. R. App. P. 10(a)(1) (defining the record on appeal as, in relevant part, "the original papers and exhibits filed in the district court"); *Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered."). Since the retainer agreement Rivers wishes to add to the record was not before the district court and consideration of the exhibit would make no difference in our resolution of this appeal, the "extraordinary circumstances" needed to expand the record are not present. Accordingly, Rivers's motion to supplement the record on appeal is **DENIED**.

Moving on to the merits of Riley's appeal, "[w]e review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Upon review, we conclude that the district court properly dismissed Riley's claims. We affirm for substantially the reasons stated in the magistrate judge's thorough and well-reasoned September 19, 2016 Report and Recommendation, which was adopted in its entirety by the district court. Additionally, to the extent that Riley alleges that she should have been instructed on how to replead her claims, we discern no error in the proceedings below. Riley twice amended her complaint, and nothing in the record suggests that a third amendment would cure the Second Amended Complaint's deficiencies. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered all of Riley's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk of Court