# United States Court of Appeals
## For the First Circuit

No. 18-1009

GEORGE P. CONDURAGIS,

Plaintiff, Appellee,

v.

PROSPECT CHARTERCARE, LLC, d/b/a CHARTERCARE HEALTH PARTNERS;
PROSPECT CHARTERCARE PHYSICIANS, LLC, d/b/a CHARTERCARE MEDICAL
ASSOCIATES,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. John J. McConnell, U.S. District Judge]

Before

Howard, Chief Judge,
Selya and Thompson, Circuit Judges.

Jillian S. Folger-Hartwell, with whom Alexsa A. Marino and
Littler Mendelson, P.C. were on brief, for appellants.
Richard A. Sinapi, with whom Joshua D. Xavier and Sinapi Law
Associates, LTD. were on brief, for appellee.

November 30, 2018

**THOMPSON**, **Circuit Judge**. The facts giving rise to this case are familiar to the parties and reported in the district court's order. So a simple CliffNotes summary suffices for purposes of this opinion — an opinion that is a companion to our decision released today, Britto v. Prospect Chartercare, LLC, ___ F.3d ___ (1st Cir. 2018) [No. 18-1009], knowledge of which is assumed.

Plaintiff sued Defendants in federal court, basically alleging that they fired him in violation of the Family Medical Leave Act and the Rhode Island Parental and Family Medical Leave Act. Defendants later asked the district court to dismiss the case and compel arbitration based on the parties' signed arbitration agreement. Concluding, however, that the agreement failed for lack of consideration, the court denied the motion.

According to the district court, the parties' mutual promise to arbitrate constituted insufficient consideration to support the arbitration agreement, because Defendants reserved the right in an offer letter to change Plaintiff's employment terms, like submitting disputes to arbitration, at any time — circumstances, the court said, that made Defendants' promise to arbitrate illusory. The district court also concluded that Defendants' offer to keep Plaintiff on as an at-will employee, made at the time of the agreement's signing, constituted

insufficient consideration as well — a conclusion, the court added, driven by a Rhode Island trial court opinion, D. Miguel & Son Co. v. Barbosa, No. C.A. 84-3186, 1985 WL 663146 (R.I. Super. Ct. Mar. 11, 1985).[1]

Defendants now appeal. And we review *de novo*. See, e.g., Nat'l Fed'n of the Blind v. Container Store, Inc., 904 F.3d 70, 78 (1st Cir. 2018). Without deciding whether Defendants' rights reservation made their arbitration promise illusory and thus inadequate consideration, we hold that their offer of continued at-will employment is valid consideration for the agreement, given a Rhode Island Supreme Court opinion, Oken v. Nat'l Chain Co., 424 A.2d 234 (R.I. 1981) — a holding compelled by our Britto decision, ___ F.3d at ___ [slip op. at 15-16]. Just as it did for the Britto plaintiff, Oken rejects the very arguments Plaintiff briefed to us here. And there is no reason to repeat in these pages what we wrote in Britto.[2]

---

[1] All agree that Rhode Island contract law controls whether a valid arbitration agreement exists here.

[2] It is worth mentioning — because nothing like this happened in Britto — that at oral argument Plaintiff for the first time suggested that if Oken remains "good law," it is only for the notion that at-will employment is adequate consideration for modified *commission* agreements — in other words, Oken's holding about at-will employment does not apply to any other type of agreement, at least in Plaintiff's mind. Putting aside that we see nothing overruling Oken or forbidding its application to arbitration agreements more broadly, we fall back on the familiar rule that, "except in extraordinary circumstances, arguments not

- 3 -

A couple of loose ends remain to be tied up, however, and we are done.

First, Plaintiff moved in this court to supplement the record with pages from an employee handbook that he says "reinforces" his and the district court's view that Defendants "retained the right to change the terms and conditions of [his] employment at any time, including the [a]rbitration [a]greement." Because consideration of the handbook would make no difference to the result we just reached, we deny the motion. See Riley v. Rivers, 710 F. App'x 503, 504 (2d Cir. 2018) (summary order).

Second, in the conclusion section of his brief, Plaintiff suggests for the first time that the arbitration agreement is "procedural[ly] unconscionabl[e]" and therefore unenforceable because of the circumstances surrounding the agreement's signing, at least as he "recalls" the circumstances. And he asks us to remand "for limited discovery" so he can flesh out his recollection, which would then allow the district court to resolve "the issue of procedural unconscionability." Not only does he fail to give us a legal basis for how we can order discovery

_____

raised in a party's initial brief and instead raised for the first time at oral argument are considered waived." United States v. Pulido, 566 F.3d 52, 60 n.4 (1st Cir. 2009) (quoting United States v. Giggey, 551 F.3d 27, 36–37 (1st Cir. 2008)). And Plaintiff offered no reason to think this case warrants an exception to that general rule.

- 4 -

in the circumstances of this case, he also does not explain how —
in addition to being procedurally unconscionable — the agreement
is substantively unconscionable.  See Britto, ___ F.3d at ___ [slip
op. at 19] (noting that Rhode Island law holds "a contract is
unenforceable if it is both procedurally and substantively
unconscionable").  And so we deem the argument waived.  See Town
of Norwood v. Fed. Energy Regulatory Comm'n, 202 F.3d 392, 405
(1st Cir. 2000) (stressing that "developing a sustained argument
out of . . . legal precedents" is a litigant's job, not ours); see
also Muñiz v. Rovira, 373 F.3d 1, 8 (1st Cir. 2004) (emphasizing
that a party waives an argument by presenting it "to us in skeletal
form, without citation to any pertinent authority").

The bottom line:  We deny Plaintiff's motion to
supplement, reverse the decision of the district court, and remand
the case with instructions to grant Defendants' motion to dismiss
and compel arbitration.  Costs to Defendants.  See Fed. R. App. P.
39(a)(3).