**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 23-1005

MICHAEL MERULLO, on behalf of himself and all others similarly situated,

Plaintiff, Appellant,

v.

AMICA MUTUAL INSURANCE COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Kayatta, Lipez, and Gelpí,
Circuit Judges.

Kevin J. McCullough, with whom Michael C. Forrest and Forrest, Mazow, McCullough, Yasi & Yasi, P.C. were on brief, for appellant.
Christopher M. Reilly, with whom Anthony J. Antonellis, Mara E. Finkelstein, and Sloane and Walsh, LLP were on brief, for appellee.

September 20, 2023

**KAYATTA**, **Circuit Judge**.  Following Michael Merullo's collision with a driver insured by Amica Mutual Insurance Company, Merullo submitted a claim to Amica for the "inherent diminished value" ("IDV") of his car resulting from the accident.  Amica denied the claim, asserting that such damage was not covered under the driver's liability policy.  Merullo subsequently filed suit.  Because the particular arguments that Merullo advances on appeal fail to convince us that coverage is provided, we affirm the district court's decision dismissing his claims.

## I.

On May 29, 2020, Merullo's vehicle was damaged in a collision with a driver insured by Amica.  The driver was covered under the 2016 edition of the Massachusetts standard auto policy (the "2016 Policy"), as approved by the state insurance commissioner.  Following the accident, Merullo "demanded payment from Amica to repair his vehicle and for the [inherent diminished value] the vehicle suffered as a result of the accident."  Merullo v. Amica Mut. Ins. Co., No. 22-CV-10410, 2022 WL 17417717, at *2 (D. Mass. Dec. 5, 2022).  IDV is "the concept that a vehicle's fair market value may be less following a collision and repairs . . . .  [I]t equals the difference between the resale market value of a motor vehicle immediately before a collision and the vehicle's market value after a collision and subsequent

- 2 -

repairs."  McGilloway v. Safety Ins. Co., 174 N.E.3d 1191, 1194 n.4 (Mass. 2021).

Citing Part 4 of the 2016 Policy, Amica refused to cover any IDV damage, asserting that such damage was not covered under the plain language of the policy.  Part 4, which provides third-party liability coverage, in relevant part states:

> Under this Part, we will pay for damage or destruction of the tangible property of others caused by an accident and arising from the ownership, maintenance, or use of an auto, including loading or unloading.  The amount we will pay is the amount the owner of the property is legally entitled to collect through a court judgment or settlement for the damaged property.  We will pay only if you, a household member, or someone else using your auto with your consent is legally responsible for the accident.  The amount we will pay includes, if any, applicable sales tax and the loss of use of the damaged property.  The amount we will pay does not include compensation for physical damage to, or towing or recovery of, your auto or other auto used by you or a household member with the consent of the owner, or any decreased value or intangible loss claimed to result from the property damage unless otherwise required by law.

(emphasis added).

Merullo subsequently initiated this action in Massachusetts state court.  He brought the lawsuit as a putative class action, seeking relief for breach of contract and a variety of Massachusetts chapter 93A and 176D violations arising from

- 3 -

Amica's allegedly unfair business practices in handling IDV claims.

Amica removed the case to the United States District Court for the District of Massachusetts, and then filed a motion to dismiss all of Merullo's claims under Federal Rule of Civil Procedure 12(b)(6), which the district court granted. Merullo timely appealed.

**II.**

"We review a district court's grant of a motion to dismiss for failure to state a claim de novo." Douglas v. Hirshon, 63 F.4th 49, 54-55 (1st Cir. 2023). In this case, as in most cases, we consider only those arguments that were raised in the district court and properly developed on appeal. Carrozza v. CVS Pharmacy, Inc., 992 F.3d 44, 59 (1st Cir. 2021); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

With respect to Merullo's breach of contract claim, the parties agree that Massachusetts substantive law governs our interpretation of the policy. Under Massachusetts law, the "'interpretation of an insurance policy is a question of law.' 'We interpret the words of the standard policy in light of their plain meaning, giving full effect to the document as a whole.'" McGilloway, 174 N.E.3d at 1196 (citation omitted) (first quoting Mass. Insurers Insolvency Fund v. Premier Ins. Co., 869 N.E.2d 576, 581 (Mass. 2007); and then quoting Given v. Com. Ins. Co.,

- 4 -

796 N.E.2d 1275, 1277 (Mass. 2003)). "In discerning the meaning of the contract provisions, we are guided by 'what an objectively reasonable insured, reading the relevant policy language, would expect to be covered.'" Id. at 1196 (quoting Hazen Paper Co. v. U.S. Fid. & Guar. Co., 555 N.E.2d 576, 583 (Mass. 1990)). As we describe below, none of the arguments Merullo puts forth on appeal justifies disturbing the district court's conclusion that Part 4 of the 2016 Policy does not cover IDV claims.

**A.**

This appeal centers around the following provision within Part 4: "The amount we will pay does not include compensation for . . . any decreased value or intangible loss claimed to result from the property damage unless otherwise required by law." On its face, this sentence (the "IDV Exclusion") excludes IDV coverage unless such coverage is "required by law." Merullo argues that Massachusetts law, via two related steps, does indeed require such coverage. He points first to the holding in McGilloway that IDV damages are recoverable against the driver-insured who is liable for damages to another person's car. 174 N.E.3d at 1196. He then points to Massachusetts General Law chapter 90, section 34O, which he says requires insurers to provide coverage coextensive with the insured's liability (up to $5,000).

- 5 -

Merullo is correct in describing the holding of McGilloway. But he stops short of establishing that section 34O requires that a property damage liability insurance policy provide coverage coextensive with the insured's liability. To see why, we turn to section 34O:

> Every insurer issuing or executing a motor vehicle liability policy or bond shall also provide property damage liability coverage for the policyholder or obligor. Property damage liability insurance is insurance containing provisions as prescribed in this section, among such other provisions, including conditions, exclusions, and limitations, as the commissioner of insurance may approve.

> Every policy of property damage liability insurance shall provide that the insurer will pay on behalf of the insured all sums the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including loss of use thereof, caused by accident and arising out of the ownership, maintenance or use, including loading and unloading of the insured motor vehicle, subject to a limit of not less than five thousand dollars because of injury to or destruction of property of others in any one accident.

Mass. Gen. Law ch. 90, § 34O. Merullo is correct that one could read the second quoted paragraph, in isolation, as a mandate that "property damage liability insurance" cover all damages for which the insured is liable (up to $5,000). And as we have noted, a driver in Massachusetts is liable to others for IDV damages that the driver causes.

- 6 -

But Merullo fails to address the statute's definition of "property damage liability insurance" as "insurance containing provisions as prescribed in this section, <u>among such other provisions, including conditions, exclusions, and limitations, as the commissioner of insurance may approve</u>." <u>Id.</u> (emphasis added). This omission is especially glaring for two reasons. First, the omitted definition appears in the sentence immediately preceding the one that Merullo emphasizes. Second, the district court specifically relied on this definition to conclude that the commissioner of insurance could exclude IDV coverage in Part 4 of the 2016 Policy. See <u>Merullo</u>, 2022 WL 17417717, at *4.

Merullo's failure to address the statute's full definition of liability insurance proves fatal to his claim. At least on its face, this provision allows the commissioner to approve coverage exclusions. And the commissioner approved the 2016 Policy, complete with its exclusion for "any decreased value or intangible loss claimed to result from the property damage unless otherwise required by law." We certainly recognize the tension between section 34O's authorization of coverage exclusions and its subsequent command to pay "all sums [up to $5,000] the insured shall become legally obligated to pay." Mass. Gen. Law ch. 90, § 34O. But Merullo does nothing to resolve this tension in his favor.

In theory, one might stitch all this together by finding that the commissioner approved a <u>conditional</u> exclusion for IDV damages, where the condition was that the law did not otherwise require coverage of such damages. And once it became clear that the insured would, in fact, be liable for IDV damages, the statutory mandate in section 34O that the policy cover "all sums the insured shall become legally obligated to pay [up to $5,000]" became the "law" that "otherwise required" coverage for those damages.

But Merullo never fairly presented such a theory to the district court, or to this court on appeal. Merullo's briefs do not advance this position, and neither Amica nor the district court responded to it. Merullo does offer a different theory that the commissioner would not be "empowered" to approve any policy that failed to cover damages for which the insured could theoretically be liable. But even as to that theory he offers no explanation of the limits of the commissioner's exclusion power, or any analysis of how that exclusion power might bear on our reading of the policy's text, so we are left with only a bare assertion.

The law is clear in this circuit that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for

the argument, and put flesh on its bones." Zannino, 895 F.2d at 17 (citations omitted); Caniglia v. Strom, 953 F.3d 112, 135-36 (1st Cir. 2020) ("In this circuit, it is settled beyond peradventure that a reviewing court is not obliged to do a lawyer's work for him by putting meat on the bones of a skeletal argument."). The absence of any attempt to explain why the commissioner's power to approve exclusions does not foreclose IDV coverage in the standard form policy is especially problematic in this case. Here, we have a standard form policy subject to Massachusetts law, and little familiarity with the ins and outs of Massachusetts auto insurance regulation. So, we would normally consider certifying the coverage issue to the Massachusetts Supreme Judicial Court. But Merullo did not seek certification in the district court or on appeal. And the absence of any briefing on the pivotal issue makes this case a poorly fitted candidate for review by the SJC. We therefore see no reason to deviate from our normal practice, and we treat as waived any argument that section 34O requires coverage in this case.

## B.

Merullo did assert at oral argument yet another, very different theory: that the IDV Exclusion addresses only claims for damage suffered by the insured, and thus does not bar IDV coverage with respect to damage suffered by third parties. Normally, this would be too late to raise an argument in favor of reversing the

district court. See Conduragis v. Prospect Chartercare, LLC, 909 F.3d 516, 518 n.2 (1st Cir. 2018). Here, though, Merullo raised and briefed the argument below. And its weakness -- as pointed out at argument by Amica's counsel -- is clear. So, we exercise our discretion to consider and dispose of the argument. See United States v. Leoner-Aguirre, 939 F.3d 310, 319 (1st Cir. 2019).

As stated above, the IDV Exclusion provides: "The amount we will pay does not include compensation for physical damage to, or towing or recovery of, your auto or other auto used by you or a household member with the consent of the owner, or any decreased value or intangible loss claimed to result from the property damage unless otherwise required by law." This sentence establishes two separate exclusions: It excludes compensation for (i) "physical damage to, or towing or recovery of, your auto or other auto used by you or a household member with the consent of the owner" or (ii) "any decreased value or intangible loss claimed to result from the property damage." The parties agree that the first exclusion, through its reference to "your auto or other auto used by you or a household member with the consent of the owner," applies only to first-party claims brought by the insured. Merullo asserts that the second exclusion -- for IDV claims -- is also so limited, and that IDV coverage is therefore required with respect to third-party claims.

There are two key defects in Merullo's argument. First, there is nothing in the text to indicate that the term "your auto" applies to the sentence's second clause. If "your auto" were meant to apply to the IDV clause, then the IDV clause would likely have been placed alongside the other types of damage mentioned, rather than after the "your auto" clause. Thus, the policy would read: "The amount we will pay does not include compensation for physical damage to, towing or recovery of, [or any decreased value or intangible loss claimed to result from physical damage to] your auto or other auto used by you or a household member with the consent of the owner." But instead, IDV is mentioned in an entirely distinct clause, separated from the first by "or" plus a comma.

Second, Part 7 of the 2016 Policy, which addresses first-party collision coverage, already unambiguously excludes IDV claims, providing:

> We will pay the cost to repair the auto or any of its parts up to the actual cash value of the auto or any of its parts at the time of the collision. We will not pay for any decrease in value claimed to result from the loss. The most we will pay will be either the actual cash value of the auto or the cost to repair the auto, whichever is less.

(emphasis added). We thus see no reason why Part 4 -- which addresses third-party liability coverage -- would specify that IDV

- 11 -

is not covered with respect to first-party claims. Part 7 makes that clear on its own.

Putting this analysis together, both exclusions in Part 4 make sense. The first one makes clear that Part 4 applies only to third-party claims, and the insured should look to other parts of the policy for coverage of the insured's own vehicle. And the second one, as stated above, addresses IDV within the context of the third-party claims otherwise covered in Part 4.

**III.**

The failure of Merullo's breach of contract claim is fatal to his remaining claims alleging that Amica engaged in "unfair claims settlement practices." Merullo alleges various violations of Massachusetts chapters 93A and 176D, which jointly regulate unfair settlement practices in the insurance industry. See McGilloway, 174 N.E.3d at 1199. But as the district court correctly pointed out, Merullo's unfair settlement claims all rest on the same faulty premise: that Amica "was required to pay IDV and failed to do so." Merullo, 2022 WL 17417717, at *5. As discussed above, Merullo's presented arguments do not persuade us that Amica was, in fact, required to pay IDV damages. Therefore, the district court correctly concluded that Amica's refusal to pay those damages was neither unfair nor deceptive.

**IV.**

For the foregoing reasons, the judgment of the district court is <u>affirmed</u>.